IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PHILLIP ALIG, SARA J. ALIG,
ROXANNE SHEA, and DANIEL V. SHEA,**
individually and on behalf of a class of persons,

    Plaintiffs,

v.

**QUICKEN LOANS INC. and TITLE SOURCE,
INC. d/b/a TITLE SOURCE INC. OF WEST
VIRGINIA, INCORPORATED; DEWEY V.
GUIDA; APPRAISALS UNLIMITED, INC.; and
RICHARD HYETT,**

    Defendants.

Case No. 5:12-CV-114   Judge Bailey
[Formerly Civil Action Nos. 11-C-428 &
11-C-430 in the Circuit Court of
Ohio County, West Virginia]
Electronically Filed 7/23/2012

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT DEFENDANT QUICKEN LOANS INC. ("Quicken Loans") has removed the above-captioned identical actions (the "Actions") to this Court from the Circuit Court of Ohio County, West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As set forth below, these Actions are removed properly to this Court, because Quicken Loans has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has original jurisdiction over these Actions pursuant to 28 U.S.C. § 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")).

### Claims Asserted And Relief Sought in Amended Complaints

1. On or about June 15, 2012, Plaintiffs Phillip Alig, Sara J. Alig, Roxanne Shea, and Daniel V. Shea (collectively, "Plaintiffs") filed identical First Amended Complaints ("Amended Complaints") in the Actions against Defendants Quicken Loans; Title Source, Inc. d/b/a Title Source Inc. of West Virginia, Incorporated; Dewey V. Guida; Appraisals Unlimited,

Inc.; and Richard Hyett (collectively, "Defendants") in the Circuit Court of Ohio County, West Virginia.[1] Quicken Loans was served with the Amended Complaints no earlier than June 21, 2012.

2. Plaintiffs allege and seek to represent a class of "[a]ll West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, obtained mortgage loans from Defendant Quicken, and (a) were provided unsigned loan documents at closing, (b) were assessed loan discount, courier, or notary fees, or (d) [*sic*] for whom Quicken obtained appraisals through an appraisal request form that included an estimate of value of the subject property."

3. Plaintiffs, on their own behalves and on behalf of the proposed class, purport to allege claims for: (1) civil conspiracy; (2) unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-104; (3) false and excessive fees in violation of the West Virginia Residential Mortgage Lending Act under W. Va. Code § 31-17-8(c), (g), and (m)(1); (4) unconscionable contract in violation of W. Va. Code § 46A-2-121(1); (5) the acceptance of appraisal fees contingent upon the reporting of a predetermined value in violation of the West Virginia Real Estate Appraiser Licensing & Certification Act at W. Va. Code §§ 30-38-12(3) and 30-38-17; (6) unauthorized charges in violation of W. Va. Code § 46A-3-109(a) and W. Va. Code 46A-2-128(d); (7) breach of contract; and (8) negligence and negligence per se.

4. Plaintiffs also purport to allege claims on their own behalves for: (1) fraud / intentional misrepresentation; and (2) illegal loans in excess of fair market value in violation of W. Va. Code § 31-17-8(m)(8).

5. Based on the alleged claims, Plaintiffs, on their own behalves and on behalf of the proposed class, seek to recover: (1) an award of all available relief; (2) statutory penalties,

---

[1] Quicken Loans was never served with Plaintiffs' original Complaints in the Actions and, upon information and belief, neither were any other Defendants.

2

including (a) a penalty of the greater of $200 or actual damages under W. Va. Code § 46A-6-106 for each act or practice found to constitute an unfair or deceptive act or practice; and (b) a penalty up to the maximum as provided for under W. Va. Code §§ 46A-5-101 & 106 for each violation of Chapter 46A, including but not limited to each assessment of an illegal fee; (3) a declaration voiding or modifying the mortgage loans at issue under W. Va. Code §§ 31-17-17 & 46A-2-121; (4) disgorgement and restitution of all allegedly illegal loan fees, (5) actual and compensatory damages; (6) punitive damages; (7) attorneys' fees; (8) costs; (9) pre- and post-judgment interest; and (10) all other appropriate relief.

## Compliance With Statutory Requirements

6. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Amended Complaints, as well as the Service of Process Transmittals, are attached hereto as Exhibit 1. No other process, pleadings, or orders, including the Complaints, have been served upon Quicken Loans in these Actions.

7. Quicken Loans was served with the Amended Complaints on June 21, 2012. (*See* Exhibit 1.) Quicken Loans' removal is timely, because it is within thirty (30) days of service of the Amended Complaints, as is required by 28 U.S.C. § 1446(b).

8. Plaintiffs filed these Actions in the Circuit Court of Ohio County, West Virginia (*see* Exhibit 1), which is located within the Northern District of West Virginia. Therefore, these Actions may be removed to this Court, because it is the "district and division embracing the place where [the Actions are] pending." *See* 28 U.S.C. § 1441(a).

9. In accordance with 28 U.S.C. § 1446(d), Quicken Loans promptly will provide written notice of removal of the Actions to Plaintiffs and promptly will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Ohio County, West Virginia.

## Jurisdiction

10. This Court has original jurisdiction over these Actions pursuant to 28 U.S.C. § 1332(d) as amended by CAFA.

11. Under 28 U.S.C. § 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more, 28 U.S.C. § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs," 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6).

12. All requirements under 28 U.S.C. § 1332(d) are satisfied here.

13. More specifically, and as demonstrated in more detail below, (1) the citizenship of Plaintiffs is diverse from that of Quicken Loans; (2) the number of members of all proposed plaintiff classes, in the aggregate, well exceeds 100; and (3) the matter in controversy, in the aggregate, well exceeds the sum of $5,000,000.00, exclusive of interest and costs.

## Diversity Of Citizenship

14. There is minimal diversity to satisfy this Court's diversity requirement under CAFA pursuant to 28 U.S.C. § 1332(d)(2)(A), as Plaintiffs and Quicken Loans are citizens of different states.

15. The named Plaintiffs allege that they are now, and have been, residents of Ohio County, West Virginia, at all times material and relevant to the Amended Complaints. (*See* Am. Compl. ¶ 3.) Quicken Loans is informed and believes that, at the time of filing these Actions, the named Plaintiffs were, and still are, citizens of West Virginia.

16. In addition, Plaintiffs allege that they seek to represent a class of "[a]ll West Virginia citizens." (*See* Am. Compl. ¶ 77.)

17. Defendant Quicken Loans is a citizen of Michigan. Quicken Loans is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in the State of Michigan.

## *Number Of Proposed Class Members*

18. Although Quicken Loans concedes no liability on Plaintiffs' claims, and does not concede the propriety or breadth of the class as alleged by Plaintiffs, assuming the allegations in the Amended Complaints are true, which Quicken Loans does solely for the limited purpose of removal, the number of members of all proposed plaintiff classes well exceeds 100 to satisfy the numerosity requirement under CAFA pursuant to 28 U.S.C. § 1332(d)(5)(B).

19. Plaintiffs allege and seek to represent a class of "[a]ll West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, obtained mortgage loans from Defendant Quicken, and (a) were provided unsigned loan documents at closing, (b) were assessed loan discount, courier, or notary fees, or (d) [*sic*] for whom Quicken obtained appraisals through an appraisal request form that included an estimate of value of the subject property." (*See* Am. Compl. ¶ 77.)

20. Quicken Loans' records reflect that, from January 1, 2002, through July 17, 2012, Quicken Loans has originated 4,621 loans in West Virginia to at least well over 3,500 different borrowers in West Virginia. (*See* Declaration of Scott Aberle, attached as Exhibit 2, at ¶ 2.)[2] 3,278 of these 4,621 originated loans included courier fees. (*Id.*) 1,984 included loan discount fees. (*Id*)

---

[2] Quicken Loans has chosen to review and cite data from January 1, 2002, through July 17, 2012, only for illustrative purposes in connection with this Notice of Removal and does not concede any defenses that Quicken Loans may have in these Actions, including, without limitation, defenses based on the applicable statutes of limitations.

21.     Indeed, from January 1, 2012, through July 17, 2012, alone, Quicken Loans has originated 660 loans in West Virginia to at least well over 600 different borrowers in West Virginia. (*Id.* at ¶ 4.) 391 of these 660 loans included courier fees. (*Id.*) 192 included loan discount fees. (*Id.*)

22.     Accordingly, upon consideration of just these records alone, the number of proposed class members as defined by Plaintiffs well exceeds 100. (*See* Am. Compl. ¶ 77 (defining the class, in part, as "[a]ll West Virginia citizens . . . who . . . obtained mortgage loans from Defendant Quicken, and . . . (b) were assessed . . . courier . . . fees."); *id.* (defining the class further, in part, as "[a]ll West Virginia citizens . . . who . . . obtained mortgage loans from Defendant Quicken, and . . . (b) were assessed loan discount . . . fees.").)

### *Amount In Controversy*

23.     Although Quicken Loans concedes no liability on Plaintiffs' claims, and does not concede the propriety or breadth of the class as alleged by Plaintiffs, assuming the allegations in the Amended Complaints are true, which Quicken Loans does solely for the limited purpose of removal, the amount-in-controversy requirement under CAFA pursuant to 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6) is satisfied – *i.e.*, the aggregated "claims of the individual class members . . . exceeds the sum or value of $5,000,000.00, exclusive of interest and costs."

24.     To establish that the amount in controversy exceeds the jurisdictional limit on removal under 28 U.S.C. § 1332(d), the removing party must show by a mere "preponderance of the evidence" (and not to a "legal certainty") that the amount in controversy exceeds the jurisdictional threshold. *See, e.g.*, *Martin v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 84903, at *9 (S.D. W. Va. Aug. 18, 2010) ("Where the complaint does not specify the amount in controversy, the removing party must prove the jurisdictional amount by a preponderance of the evidence."); *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578,

6

582-83 (S.D. W. Va. 1999) (applying "preponderance of the evidence" standard to actions where the amount of damages are unspecified). Under this preponderance standard, "the removing party must establish that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. 2007).

25. The amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his [or her] case as it stands at the time of removal." *Womack v. Wells Fargo Bank, N.A.*, Civil Action No. 1:11-CV-104, 2011 U.S. Dist. LEXIS 152639, at *6 (N.D. W. Va. Aug. 24, 2011) (internal quotations omitted). The amount in controversy is the "pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002) (internal quotations omitted).

26. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Kahle v. Chesapeake Energy Corp.*, No. 5:11-CV-24, 2011 U.S. Dist. LEXIS 59974, at *7 (N.D. W. Va. June 3, 2011). More specifically, "when a plaintiff asks a court to declare a contract null and void, the focus of the amount in controversy inquiry is the value of the contract to either party." *Womack*, 2011 U.S. Dist. LEXIS 152639, at *7 (citing *Dixon*, 290 F.3d at 710-11). And, "[w]hen the contract challenged is an installment contract, it is well-established that the value considered is the total value of the contract, not just installments allegedly due on the date of the initial filing of suit." *Womack*, 2011 U.S. Dist. LEXIS 152639, at *7 (citing *Davis v. American Foundry Equipment Co*., 94 F.2d 441, 443 (7th Cir. 1938)).

27. In addition, courts also should aggregate the value of the contract at issue with the plaintiff's other claims or requested relief to determine the amount in controversy. *See, e.g.*,

*Weddington*, 59 F. Supp. 2d at 584-85 (aggregating the value of the loss to the defendant if the contract at issue was rescinded with plaintiff's other claims and requested relief).

28. In this regard, for example, a plaintiff's demand for statutory penalties, actual damages, punitive damages, and attorneys' fees should be considered by the Court in determining the amount in controversy. *See, e.g.*, *Maxwell v. Wells Fargo Bank, N.A.*, No. 2:09-CV-500, 2009 U.S. Dist. LEXIS 94476, at *6-14 (S.D. W. Va. Oct. 9, 2009) (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees was potentially available under the West Virginia Consumer Credit and Protection Act); *Weddington*, 59 F. Supp. 2d at 584-85 (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy).

29. Here, based on the alleged claims, Plaintiffs, on their own behalves and on behalf of the proposed class, seek to recover: (1) an award of all available relief; (2) statutory penalties, including (a) a penalty of the greater of $200 or actual damages under W. Va. Code § 46A-6-106 for each act or practice found to constitute an unfair or deceptive act or practice; and (b) a penalty up to the maximum as provided for under W. Va. Code §§ 46A-5-101 & 106 for each violation of Chapter 46A, including but not limited to each assessment of an illegal fee; (3) a declaration voiding or modifying the mortgage loans at issue under W. Va. Code §§ 31-17-17 & 46A-2-121; (4) disgorgement and restitution of all allegedly illegal loan fees, (5) actual and compensatory damages; (6) punitive damages; (7) attorneys' fees; (8) costs; (9) pre- and post-judgment interest; and (10) all other appropriate relief. (*See* Am. Compl. ("Relief Sought").)

30. Plaintiffs' allegations attempting to recover statutory penalties from the alleged assessment of illegal courier and loan discount fees alone place in controversy a sum greater than $5,000,000, exclusive of interest and costs. Plaintiffs seek, in part, a statutory penalty up to the

maximum as provided for under W. Va. Code §§ 46A-5-101 & 106 for each violation of Chapter 46A, including but not limited to each assessment of an illegal fee. The current maximum inflation-adjusted statutory penalty under W. Va. Code §§ 46A-5-101 & 106 is $4,500 per violation. *See Dijkstra v. Carenbauer*, No. 5:11-cv-152, 2012 U.S. Dist. LEXIS 60556, at *18 (N.D. W. Va. May 1, 2012). Plaintiffs allege that Quicken Loans' charges for courier and loan discount fees (among other fees) were unlawful under Chapter 46A. (*See, e.g.*, Am. Compl. ¶¶ 93-94, 102, 107-113.) As noted, Quicken Loans' records reflect that, from January 1, 2002, through July 17, 2012, Quicken Loans originated 3,278 loans with charges for courier fees and 1,984 loans with charges for discount fees in West Virginia. (Exhibit 2 at ¶ 2.) Assuming the allegations in the Amended Complaints are true, which Quicken Loans does solely for the limited purpose of removal, there would be 5,262 violations of Chapter 46A, amounting to $23,679,000 in statutory penalties (5,262 violations x $4,500 = $23,679,000).

31.     Plaintiffs also seek, in part, a declaration voiding unconscionable mortgage loans under W. Va. Code § 46A-2-121. Plaintiffs allege that Quicken Loans' charging of illegal fees, such as loan discount fees, rendered loans unconscionable. (*See* Am. Compl. ¶¶ 100-102.) From January 1, 2012, through July 17, 2012, Quicken Loans originated 192 loans in West Virginia with loan discount fees; in these 192 loans, Quicken Loans loaned a total of $28,024,196 to borrowers. (*See* Exhibit 2 at ¶ 4.) Assuming the allegations in the Amended Complaints are true, which Quicken Loans does solely for the limited purpose of removal, this would place in controversy an additional sum of at least $28,024,196 from loans originated in 2012 alone.

32.     Moreover, Plaintiffs seek the disgorgement and restitution of all allegedly illegal loan fees. From January 1, 2002, through July 17, 2012, Quicken Loans charged $144,830.25 in courier fees and $3,453,322.96 in loan discount fees for loans originated in West Virginia. (*See id.* at ¶ 3.) Assuming the allegations in the Amended Complaints are true, which Quicken Loans

9

does solely for the limited purpose of removal, this would place in controversy an additional sum of at least $3,598,153.21.

33.     And, finally, Plaintiffs seek other relief related to claims other than those based on allegedly illegal loans fees (including, for example, breach of contract), not to mention actual damages, punitive damages, and attorneys' fees[3] associated with each of their claims, which all should be considered and aggregated to determine the amount in controversy and constitute even more proof that the amount in controversy well exceeds $5,000,000, exclusive of interest and costs.  *See, e.g.*, *Maxwell*, 2009 U.S. Dist. LEXIS 94476, at \*6-14; *Weddington*, 59 F. Supp. 2d at 584-85.

34.     In sum, Quicken Loans has more than established that the amount-in-controversy requirement under CAFA pursuant to 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6) is satisfied.  *See, e.g.*, *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 299 (4th Cir. 2008) (reversing the district court's grant of plaintiffs' motion to remand and holding that the removing defendant established that the matter in controversy exceeded the sum or value of $5,000,000, exclusive of interest and costs); *Martin*, 2010 U.S. Dist. LEXIS 84903, at \*13-17 (denying plaintiffs' motion to remand and holding that the removing defendant established, by a preponderance of the evidence, that the amount in controversy exceeded $5,000,000).

## Reservation Of Rights

35.     Quicken Loans denies the allegations contained in Plaintiffs' Amended Complaints and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

36.     Further, in making the allegations in this Notice of Removal, Quicken Loans does not concede in any way that the allegations in the Amended Complaints are accurate, that

---

[3] *See, e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (noting and relying upon study done by the Federal Judicial Center that found a median percentage recovery range of 27-30% in attorneys' fees for all class actions resolved or settled over a four-year period).

Plaintiffs have asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate. Nor does Quicken Loans concede that Plaintiffs' class is defined properly or that class certification is appropriate, and Quicken Loans explicitly reserves the right to challenge the putative class at the appropriate time.

37. Quicken Loans also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of these Actions, Quicken Loans expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that these Actions are removable.

WHEREFORE, Defendant Quicken Loans Inc. respectfully requests that this Court assume jurisdiction over this matter and grants Quicken Loans such other and further relief as this Court deems just and proper.

Dated:  July 23, 2012                           **QUICKEN LOANS INC.**

/s/Victoria L. Wilson
Thomas R. Goodwin (WV Bar No. 1435)
Carrie Goodwin Fenwick (WV Bar No. 7164)
Joseph M. Ward (WV Bar No. 9733)
Victoria Wilson (WV Bar No. 10607)
GOODWIN & GOODWIN, LLP
300 Summers Street, Suite 1500
Charleston, WV  25301
304.346.7000 (T); 304.344.9692 (F)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PHILLIP ALIG, SARA J. ALIG,**
**ROXANNE SHEA, and DANIEL V. SHEA,**
**individually and on behalf of a class of persons,**

     Plaintiffs,

v.   Case No. 5:12-CV-114   Judge Bailey
[Formerly Civil Action Nos. 11-C-428 &
11-C-430 in the Circuit Court of
Ohio County, West Virginia]

**QUICKEN LOANS INC. and TITLE SOURCE,**
**INC. d/b/a TITLE SOURCE INC. OF WEST**
**VIRGINIA, INCORPORATED; DEWEY V.**
**GUIDA; APPRAISALS UNLIMITED, INC.; and**
**RICHARD HYETT,**

     Defendants.

## CERTIFICATE OF SERVICE

     I, Victoria L. Wilson, counsel for Quicken Loans Inc., do hereby certify that on the 23rd day of July 2012, I served the foregoing **Notice of Removal** upon counsel of record via one or more of the following methods: (1) electronic notification through the Court's CM/ECF system, and/or (2) depositing true copies in the United States Mail, postage prepaid, in envelopes addressed as follows:

James G. Bordas, Esq.
Jason E. Causey, Esq.
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
T: (304) 242-8410

John W. Barrett, Esq.
Jonathan Marshall, Esq.
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
T: (304) 345-6555
Counsel for Plaintiffs

/s/Victoria L. Wilson
VICTORIA L. WILSON