# EXHIBIT 1

 **CT Corporation**

## Service of Process Transmittal
06/25/2012
CT Log Number 520744583

**TO:** George Popofski
Quicken Loans Inc.
1050 Woodward Ave.
Detroit, MI 48226

**RE:** **Process Served in West Virginia**

**FOR:** Quicken Loans Inc. (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Phillip Alig, et al., Pltfs. vs. Quicken Loans, Inc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Coversheet, Summons, First Amended Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Ohio County Circuit Court, WV Case # 11C428 |
| **NATURE OF ACTION:** | Quicken Loans materially misrepresented the market value of the Alig's property |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/25/2012 postmarked on 06/22/2012 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | James G. Bordas, Jr. Bordas & Bordas, PLLC 1358 National Road Wheeling, WV 26003 304-242-8410 |
| **REMARKS:** | Service of Process made on West Virginia Secretary of State on 06/21/2012 and sent to CT Corporation on 06/21/2012. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/25/2012, Expected Purge Date: 06/30/2012 Image SOP Email Notification, George Popofski georgepopofski@quickenloans.com Email Notification, Andy Lusk andrewlusk@quickenloans.com Email Notification, Amika Thornton amikathornton@quickenloans.com |
| **SIGNED:** **PER:** **ADDRESS:** **TELEPHONE:** | C T Corporation System Amy McLaren 5400 D Big Tyler Road Charleston, WV 25313 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305



9171 9237 9000 1000 6921 49



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 338590 |
| Defendant: | Quicken Loans Inc. |
| County: | 35 |
| | 6/21/2012 |
| Civil Action: | 11-C-428 |

Quicken Loans Inc.
C. T. Corporation System
5400 D Big Tyler Road
Charleston WV  25313

I am enclosing:

| | | |
|---|---|---|
| _____ summons | _____ affidavit | _____ summons and complaint |
| _____ notice | _____ answer | _____ summons and verified complaint |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ notice of materialmans lien |
| _____ suggestions | _____ notice to redeem | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ re-issue summons and complaint |
| _____ discovery | _____ request for admissions | _____ subpoena duces tecum |
| _____ suggestee execution | _____ notice of uim claim | __1__ Summons and 1st Amended Complaint |
| _____ subpoena | _____ writ | |
| _____ stipulation | _____ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of your corporation.

_Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.   Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.**_

_Sincerely,_

Natalie E. Tennant
Secretary of State

*SUMMONS*
IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

CIVIL CASE NO. <u>11-C-428</u>

<u>PHILLP ALIG AND</u>
<u>SARA ALIG</u>
<u>AND</u>
<u>ROXANNE SHEA AND</u>
<u>DAN SHEA, HUSBAND AND WIFE</u>

VS.

<u>QUICKEN LOANS INC</u>

<u>APPRAISALS UNLIMITED, INCORPORATED</u>

<u>DEWEY V. GUIDA</u>

<u>TITLE SOURCE, INC.</u>

<u>RICHARD W. HYETT</u>

PLEASE SERVE:

QUICKEN LOANS INC.
C/O CT CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLES, WV 25313

APPRAISALS UNLIMITED INCORPORATED
C/O DEWEY V. GUIDA, PRESIDENT
3376 MAIN STREET
WEIRTON, WV 26062

DEWEY V. GUIDA
1012 BARONE DRIVE
WEIRTON, WV 26062

TITLE SOURCE, INC.
D/B/A/ TITLE SOURCE, INC. OF WEST VIRGINIA
C/O CT CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLES, WV 25313

RICHARD W. HYETT
RD 1 BOX 406
MOUNDSVILLE, WV 26041

***TO THE ABOVE NAMED DEFENDANT(S):***
        IN THE NAME OF THE STATE OF WEST VIRGINIA, YOU ARE HEREBY SUMMONED AND
REQUIRED TO SERVE UPON <u>JASON E. CAUSEY</u>, ESQUIRE WHOSE ADDRESS IS <u>1358 NATIONALA</u>
<u>ROAD, WHEELING, WV 26003</u> AN ANSWER, INCLUDING ANY RELATED COUNTERCLAIM YOU MAY
HAVE TO THE COMPLAINT FILED AGAINST YOU IN THE ABOVE STYLED CIVIL ACTION, A TRUE
COPY OF WHICH IS HEREWITH DELIVERED TO YOU. YOU ARE REQUIRED TO SERVE YOUR ANSWER
WITHIN <u>30</u> DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR
THE RELIEF DEMANDED IN THE COMPLAINT AND YOU WILL THEREAFTER BE BARRED FROM
ASSERTING IN ANOTHER ACTION ANY CLAIM YOU MAY HAVE WHICH MUST BE ASSERTED BY
COUNTERCLAIM IN THE ABOVE STYLED CIVIL ACTION.

June 15, 2012

BRENDA L. MILLER
CLERK OF COURT

BY: _____
DEPUTY CLERK

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

PHILLIP ALIG, SARA J. ALIG,
ROXANNE SHEA and DANIEL V. SHEA,
Individually and on behalf of a class of persons,

        Plaintiffs,

v.

QUICKEN LOANS, INC., and
TITLE SOURCE, INC. d/b/a TITLE
SOURCE INC. OF WEST VIRGINIA,
INCORPORATED, DEWEY V. GUIDA,
APPRAISALS UNLIMITED, INC., and
RICHARD HYETT,

        Defendants.

Civil Action Nos. 428 & 430
Judge Gaughan

### **FIRST AMENDED COMPLAINT**

Through their undersigned counsel, Plaintiffs bring this action on their own behalves and on behalf of a proposed class of West Virginians. Plaintiffs allege the following based on personal knowledge as to allegations regarding the Plaintiffs, and on information and belief as to other allegations.

### I.    INTRODUCTION

1.    This action arises out of the conduct of the network of persons and entities involved in facilitating unlawful Quicken mortgage loans in West Virginia. Each Defendant's participation in the origination of Quicken mortgage loans is essential to the enterprise.

2.    Defendants, and the claims alleged, include: (a) Quicken Loans, Inc., who originates the unlawful loans to West Virginia borrowers, charges borrowers a host of unlawful fees, and fails to provide borrowers with signed copies of loan documents at closing as West Virginia law requires; (b) Quicken's affiliate, Title Source, Inc., who purportedly performs loan-related services for borrowers and extracts unlawful fees from them, and whose



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

participation in the transaction as an undisclosed affiliate violates state consumer-finance laws; and (c) a class of real estate appraisers—represented by Appraisals Unlimited, Inc., Dewey V. Guida, and Richard Hyett (collectively, "Defendant Appraiser Class")—who receive appraisal assignments from Quicken that improperly include the targeted appraisal figure Quicken needs to issue the loans.

## II.   IDENTIFICATION OF THE PARTIES

3.      Plaintiffs Phillip Alig, Sara J. Alig, Roxanne Shea, and Daniel V. Shea are now, and have been, residents of Ohio County, West Virginia at all times material and relevant herein.

4.      Defendant Quicken Loans, Inc. ("Quicken Loans" or "Quicken") is a corporation organized under the laws of the State of Michigan with its principal place of business located in Livonia, Michigan.  Its agent for service of process is CT Corporation System, 707 Virginia Street E, Charleston, West Virginia 25301.  Quicken Loans is part of a financial network and wholly owned by Rock Holdings, which is the same parent company that wholly owns Defendant Title Source, Inc.  At all relevant times, Quicken Loans was actively engaged in the business of soliciting, writing and administering prime and sub-prime loans to West Virginia residents.

5.      Defendant Title Source, Inc., d/b/a Title Source Inc. of West Virginia ("TSI"), is a corporation organized under the laws of the State of Michigan with its principal place of business located in Troy, Michigan.  Its agent for service of process is Jeffrey Eisenshtadt, 1450 West Long Lake Road, Suite 400, Troy, Michigan 48098.  TSI is a sister corporation of Quicken Loans, has a close relationship with Quicken Loans, shares office space with Quicken Loans, and acts as its appraisal management company.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

6.     Defendant Appraisals Unlimited, Incorporated is a corporation organized under the laws of the State of West Virginia with its principal place of business located in Weirton, West Virginia.  Process is to be served on its president, Dewey V. Guida at 3376 Main Street, Weirton, West Virginia 26062.  At all relevant times, it was actively engaged in the business of appraising real property in the State of West Virginia.

7.     Defendant Dewey V. Guida ("Guida") is an individual residing at 1012 Barone Drive, Weirton, West Virginia.  At all relevant times, Guida was engaged in the business of appraising real property in the State of West Virginia.

8.     Guida is a long term appraiser for Quicken and TSI performing more than one hundred appraisals of West Virginia properties for them and receiving their highest ranking for appraisers.  Appraisals Unlimited and Guida have repeatedly provided Quicken with inflated appraisals and were primary defendants in the predatory lending matters styled, *Brown v. Quicken Loans Inc., et al.*, Ohio County Civil Action No. 08-C-36; *O'Brien v. Quicken Loans Inc., et al.*, Ohio County Civil Action No. 09-C-376; *Blankenship v. Quicken Loans Inc., et al.*, Ohio County Civil Action No. 10-C-80; and *Duncan v. Quicken Loans Inc., et al.*, Ohio County Civil Action No. 10-C-70.1, from whom significant relief was sought and obtained by way of settlements found to be in good faith by the respective trial courts.

9.     Defendant Richard W. Hyett ("Hyett") is an individual residing at RD 1 Box 406, Moundsville, West Virginia.  At all relevant times, Hyett was engaged in the business of appraising real property in the State of West Virginia.

10.    Each of the above-named Defendants is liable for the unlawful acts of the others under the doctrines of agency, joint venture, and/or civil conspiracy.

---

[1] Appraisals Unlimited and Guida are also primary defendants in the pending action styled, *Cline v. Quicken Loans Inc.*, et al., Marshall County Civil Action No. 11-C-38, from whom significant relief is sought.

**BORDAS**
**AND**
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

### III.    FACTUAL ALLEGATIONS

### A.    Quicken's Standard Practices

*Quicken's Standard Practice Was To Communicate Target*
*Appraisal Values To Its Appraisers In Order To Originate Loans*

11.    The U.S. Department of the Treasury has defined predatory lending as "engaging in deception or fraud, manipulating the borrower through aggressive sales tactics, or taking unfair advantage of a borrower's lack of understanding about loan terms…that, alone or in combination, are abusive or make the borrower more vulnerable to abusive practice."

12.    As part of its predatory lending practices, Quicken has systematically sought to influence appraisers to provide appraisal values high enough to support issuance of loans.

13.    One of the ways Quicken Loans has sought to influence appraisers is to provide the appraisers with suggested or estimated values on appraisal request forms before the appraisers provide their appraisal reports.

14.    The practice of influencing appraisers has long been condemned by regulators, government agencies, the Appraisal Foundation, and others.

15.    In *Brown v. Quicken Loans, Inc., et al.*, Civil Action No. 08-C-36 (Cir. Ct. of Ohio County) (Recht, J.), the Court determined that such a practice is contrary to the common law and consumer protection statutes of West Virginia, and concluded that "[n]o legitimate purpose is served by providing an appraiser with an estimated value of a property. The only purpose could be to inflate the true value of the property."

16.    To obtain a Quicken mortgage loan, a borrower is required to pay the cost of the appraisal. Quicken charged borrowers, including the Plaintiffs, for the appraisal cost, but did not inform them of its efforts to influence the appraisal by passing on target appraisal values to purportedly independent appraisers.



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

4

17.     Quicken Loan's actions in compromising the integrity of the appraisal process rendered its appraisals unreliable and worthless.

### *Quicken's Standard Practice Was*
### *To Assess Unlawful And Excessive Fees*

18.     After Quicken Loans obtained an appraisal value sufficient to sustain the loan, Quicken employed standard practices to charge borrowers, including the Plaintiffs, excessive and unlawful fees.

19.     For instance, Quicken would charge borrowers false, excessive, and unlawful fees for, *inter alia*, notarial services, document preparation, courier services, and bogus "loan discount" charges.

20.     These fees violate applicable law, and have enriched Quicken at the expense of its borrowers.

### *Quicken's Standard Practice Was To Provide*
### *Borrowers With Unsigned Copies Of Loan Documents*

21.     The loans at issue in this case are primary mortgage loans, *see* W. Va. Code § 31-17-1(m), and therefore are subject to the requirements of the Residential Mortgage Lending Act.

22.     At closing, Quicken provided West Virginia borrowers with a thick packet of unsigned loan documents.  The packet included documents such as an amortization schedule, appraisal, payoff statement, invoices for closing-related services, insurance information, escrow disclosures, loan disbursement statement, note, deed of trust, and other critical loan documents.

23.     The Residential Mortgage Lending Act provides that "[a] borrower must be given a copy of every signed document executed by the borrower at the time of closing."  W. Va. Code § 31-17-8(j)(6).



BORDAS
—AND—
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

24.     Despite this requirement, West Virginia borrowers, including the Plaintiffs, did not receive a copy of every signed document they executed at the time of closing.

### Quicken's Standard Practice Was To Charge Fees Prohibited By The Residential Mortgage Lending Act

25.     The Residential Mortgage Lending Act provides that "[e]xcept for fees for services provided by unrelated third parties for appraisals, inspections, title searches and credit reports, no application fee may be allowed" except in certain limited circumstances inapplicable in mortgage refinancing cases. *See* W. Va. Code § 31-17-8(g).

26.     Notwithstanding this limitation, Defendant Quicken charged West Virginia borrowers, including the Plaintiffs, a fee payable to Title Source, Inc.

27.     At the time each loan was closed, Title Source, Inc. was not an unrelated third party, but instead was an affiliate of Defendant Quicken.

28.     The fees designated for Title Source, Inc. cannot be charged under the Residential Mortgage Lender Act.

### B.     The Named Plaintiffs' Allegations

### *The Alig 2007 loan*

29.     In late 2007, Quicken Loans solicited the Aligs to refinance their existing mortgage loan.

30.     Quicken Loans arranged for Defendants Guida and Appraisals Unlimited to appraise the Aligs' home.

31.     Upon information and belief, Quicken followed its standard unlawful practice of sending Defendants Guida and Appraisals Unlimited an appraisal request form that included a target appraisal value in the form of an "estimated value."



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

6

32.     Defendants Guida and Appraisals Unlimited issued an appraisal report stating that, as of December 17, 2007, the market value of the Aligs' home was $125,500.

33.     In fact, the market value of the home as of that date was $99,500, a fact the Aligs did not discover until 2011.

34.     Through its appraisal, Quicken Loans materially misrepresented the market value of the Aligs' property.

35.     The Aligs justifiably relied on this misrepresentation, to their detriment.

36.     In reliance on the appraisal, on or about December 27, 2007, the Aligs executed a promissory note in the principal sum of $112,500.00; the note was secured by a deed of trust on the Aligs' property in favor of Quicken Loans (the "Alig 2007 loan").

37.     Quicken charged the Aligs $7,043.00 for origination and closing costs. These points, fees and costs were excessive, at least in part, because they were not *bona fide*, actually incurred by Quicken, reasonable, authorized by contract, or authorized by West Virginia law. The Settlement Statement for this loan is attached as **Exhibit A**.

38.     The unlawful fees include:

    a.  Excessive fees for notary services;

    b.  $260.00 for the bogus Guida/Appraisals Unlimited appraisal;

    c.  $45.00 for an "Express Mail/Courier Fee" that does not truly reflect the cost of any express mail or courier service provided with respect to the Alig 2007 loan; and

    d.  A "loan discount fee" of 3.5% of the loan amount, or $3,953.25.

39.     The loan discount fee purportedly was a charge for the Aligs to "buy down" their interest rate.

40.     In fact, the loan discount fee did not reduce the Aligs' interest rate at all.



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

7

41.     Instead, the loan discount fee was simply part of a compensation package Quicken provided to its agents or "mortgage bankers."  The package gave Quicken's mortgage bankers the discretion to charge a rate/point/fee structure that exceeds the structure for which its customers qualified.  Quicken refers to the revenue generated by the loan discount fee as a "premium," and splits the proceeds between itself and its loan agents.

42.     Quicken Loans' misrepresentation of the loan discount fee is materially false, deceptive, and unfair.

43.     The Aligs did not discover the true nature of these excessive charges until 2011.

44.     The Aligs did not receive signed copies of all loan documents from Quicken at the closing of the 2007 loan.

### *The Alig 2011 loan*

45.     In late 2010, Quicken Loans solicited the Aligs to refinance their mortgage loan a second time.

46.     Appraiser Lucas R. Johnson issued an appraisal report stating that as of November 22, 2010, the market value of the Aligs' property was $115,000.

47.     That value was false.  At the time, the market value of the Aligs' property was approximately $99,500.00.

48.     Through its appraisal, Quicken Loans materially misrepresented the market value of the Aligs' property.

49.     The Aligs justifiably relied on this misrepresentation, to their detriment.

50.     In reliance on the appraisal, on or about January 18, 2011 the Aligs executed a promissory note in the principal sum of $113,524.00; the note was secured by a deed of trust on the Aligs' property in favor of Quicken (the "Alig 2011 Loan").



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

51.     Quicken charged the Aligs $5,054 for origination and closing costs.  These charges were excessive, at least in part, because they were not *bona fide*, actually incurred by Quicken, reasonable, authorized by its contracts with the Aligs, or authorized by West Virginia law.  The Settlement Statement for this loan is attached as **Exhibit B.**

52.     The Aligs were charged a standard fee of $45.00 for an "Express Mail/Courier Fee" that does not truly reflect the cost of any express mail or courier service provided with respect to the Alig 2011 Loan.

53.     The Aligs were not provided with signed loan documents.

### The Shea 2006 loans

54.     In early 2006, Quicken Loans solicited the Sheas for a pre-approved home purchase loan.

55.     Quicken Loans arranged for Defendants Guida and Appraisals Unlimited to perform an appraisal report.  The report stated the market value of the home the Sheas intended to purchase was $151,000 as of April 27, 2006.

56.     This appraisal was false.  In fact, the market value of the home was $115,500, a fact the Sheas did not discover until 2011.

57.     Through the appraisal, Quicken Loans materially misrepresented the market value of the home.

58.     The Sheas justifiably relied on this misrepresentation, to their detriment.

59.     In reliance on the appraisal, on or about May 10, 2006 the Sheas executed two promissory notes in the principal sums of $119,475.00 and $29,875.00.  The notes were secured by deeds of trust on the Sheas' property in favor of Quicken (the "Shea 2006 Loans").



BORDAS
—AND—
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

60.     Quicken charged the Sheas $5,854 for origination and closing costs.  These points, fees and costs were excessive, at least in part, because they were not *bona fide*, actually incurred by Quicken, reasonable, authorized by its contracts with the Aligs, or authorized by West Virginia law.  The Settlement Statement for this loan is attached as **Exhibit C**.

61.     The excessive and unlawful fees include $260 for the bogus appraisal, and a "loan discount fee" of $2,986.88, or 2.5% of the loan amount.

62.     The loan discount fee, and all loan discount fees referenced in this complaint, was deceptive, unlawful, unfair and improper for the same reasons stated above with respect to the Alig loans.

63.     The Sheas did not discover the true nature of the excessive charges, or of the bogus Guida/Appraisals Unlimited appraisal, until 2011.

64.     Quicken did not provide the Sheas with copies of signed loan documents.

### *The Shea 2008 loan*

65.     In mid-2008, Quicken Loans solicited the Sheas to refinance their 2006 mortgage loans.

66.     Quicken Loans arranged for Defendant Hyett to appraise the Shea home.  Upon information and belief, Quicken followed its standard practice of sending Defendant Hyett an appraisal request form that included a target appraisal value in the form of an "estimated value."

67.     Defendant Hyett issued an appraisal report stating that, as of July 2, 2008, the market value of the Sheas' home was $158,000.

68.     In fact, the market value of the home as of that date was $135,000, a fact the Sheas did not discover until 2011.



BORDAS
— AND —
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

10

69.     Through the appraisal, Quicken Loans materially misrepresented the market value of the home.

70.     The Sheas justifiably relied on this misrepresentation, to their detriment.

71.     In reliance on the appraisal, the Sheas executed a promissory note in the principal sum of $155,548. The note was secured by a deed of trust on the Sheas' property in favor of Quicken (the "Shea 2008 Loan").

72.     Quicken charged the Sheas $6,817 in origination and closing costs.   These charges were excessive, at least in part, because they were not *bona fide*, actually incurred by Quicken, reasonable, authorized by its contracts with the Sheas, or authorized by West Virginia law.  The Settlement Statement for this loan is attached as **Exhibit D**.

73.     The unlawful fees include excessive fees for notary services; $430.00 for the bogus appraisal; and $45.00 for an "Express Mail/Courier Fee" that does not truly reflect the cost of any express mail or courier service provided with respect to the loan.

74.     The Sheas did not discover the true nature of these excessive charges until 2011.

75.     The Sheas were not provided with signed loan documents.

### C.     Class Allegations

76.     Plaintiffs bring this action on their own behalf, and on behalf of all other similarly situated individuals, under Rule 23(b)(3) of the West Virginia Rules of Civil Procedure.

77.     The proposed Plaintiff class is tentatively defined as:

> All West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, obtained mortgage loans from Defendant Quicken, and (a) were provided unsigned loan documents at closing, (b) were assessed loan discount, courier, or notary



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

11

fees, or (d) for whom Quicken obtained appraisals through an appraisal request form that included an estimate of value of the subject property.

78.     Rule 23(a) provides that "[o]ne or more members of a class may sue *or be sued as representative parties*" if the requirements of the Rule are met.  W. Va. R. Civ. P. 23(a) (emphasis added).

79.     Under this Rule, Plaintiffs bring this action against a class of Defendant Appraisers.  The named representative appraisers are Defendants Guida and Hyett.

80.     The proposed class of Defendant Appraisers consists of:

> All real estate appraisers who are citizens of the State of West Virginia at the time of the filing of this action and who performed appraisals in connection with home-secured loans on West Virginia on behalf of Quicken after receiving an appraisal request form with an estimate of value on it.

81.     The requirements of Rule 23 are satisfied.

82.     The classes are so numerous that joinder of all members is impracticable.

83.     There are questions of law and fact common to all members of the class.

84.     The named Plaintiffs' claims are typical of those of the class as a whole.

85.     The Plaintiffs have displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and are represented by skillful and knowledgeable counsel.  The relief sought by the named Plaintiffs will inure to the benefit of the class generally.

86.     The common questions of law and fact predominate over individual questions, and the class action device is superior to other available methods for the fair and efficient adjudication of the controversy.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

12

## IV.   LEGAL CLAIMS

### A.   Claims on Behalf of Plaintiffs and the Proposed Class

#### Count One—Civil Conspiracy
#### *(Against all Defendants)*

87.   Plaintiffs incorporate the preceding paragraphs by reference.

88.   By their conduct alleged above, all Defendants and the Defendant Appraiser Class engaged in concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means.

89.   As alleged above, this conduct caused injury to the Plaintiffs.

90.   By their conduct alleged above, these Defendants have engaged in an unlawful civil conspiracy.

91.   These Defendants combined their money, time, and experience to close the subject loans.  Each act undertaken above was in furtherance of and within the scope of this joint effort.  Each Defendant benefited from the joint acts.

#### Count Two—UDAP
#### *(Against all Defendants)*

92.   Plaintiffs incorporate herein each allegation in this Complaint.

93.   By their conduct, each Defendant and the Defendant Appraiser Class engaged in unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-104.

94.   This conduct includes, but is not limited to:

    a.   Depriving Plaintiffs of the benefit of their bargain—specifically, of a fair and unbiased appraisal—by providing value estimates to appraisers and the acceptance of appraisal orders which contained value estimates.

    b.   Omitting and concealing from Plaintiffs the material fact that value estimates were being provided to the appraisers.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

c. Defendant Quicken Loans charged numerous unlawful fees as alleged herein. Each unlawful fee constitutes a violation of W. Va. Code § 46A-6-104.

d. Defendant Quicken Loans misrepresented the nature of the "loan discount fee." This fee provides no discount to borrowers, but is in fact a duplicative broker/lender fee, and is not authorized under West Virginia law.

### Count Three—Residential Mortgage Lending Act
### *(Against Quicken)*

95. Plaintiffs incorporate herein each allegation in this Complaint.

96. The "Express Mail/Courier Fees," "Loan Discount Fees," and notary fees are not authorized by W. Va. Code § 31-17-8 (c), (g), and (m)(1).

97. The "Loan Discount Fee" is in fact a duplicative broker and lender fee, and is misleadingly characterized as a loan discount fee.

98. The "Express Mail/Courier Fees" are excessive, and exceed or misrepresent the fees actually charged by third-party courier services.

99. The notary fees are excessive, and exceed or misrepresent the fees actually charged by the third-party notaries performing notary services.

### Count Four—Unconscionable Contract
### *(Against Quicken)*

100. Plaintiffs incorporate herein each allegation in this Complaint.

101. Plaintiffs incorporate the preceding paragraphs by reference.

102. As a result of Defendant Quicken's conduct as alleged above—including, but not limited to, its passing on target appraisal values to appraisers, charging of illegal fees, and providing unsigned loan documents to borrowers—all or part of the subject loans were unconscionable at the time they were made, or were induced by unconscionable conduct. *See* W. Va. Code § 46A-2-121(1).



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

14

**Count Five—Real Estate Appraiser Licensing & Certification Act**
*(Against Defendant Appraiser Class)*

103.     Plaintiffs incorporate herein each allegation in this Complaint.

104.     Plaintiffs bring this Count on their own behalf, and on behalf of the proposed Plaintiff Class, against the Defendant Appraisers and the proposed Defendant-Appraiser Class.

105.     The Defendant Appraisers and the Defendant-Appraiser Class accepted assignments listing target value numbers on appraisal request forms, and accepted fees contingent upon the reporting of a predetermined value, all in violation of W. Va. Code §§ 30-38-12(3) and 30-38-17.

106.     As a result of these violations, Plaintiffs suffered damages, including the costs of their appraisals.

**Count Six—Unauthorized Charges**
*(Against Quicken)*

107.     Plaintiffs incorporate herein each allegation in this Complaint.

108.     Plaintiffs bring this Count on their own behalf, and on behalf of the proposed Plaintiff Class, against Defendant Quicken Loans.

109.     Defendant Quicken Loans charged Plaintiffs and Plaintiff Class members numerous unlawful fees.

110.     Defendant Quicken Loans charged "Express Mail/Courier Fees" in the amount of $45, and "Loan Discount Fees" in the amount of a percentage of the loan amount, and often amounted to several thousand dollars. Such fees are not authorized charges under W. Va. Code § 46A-3-109(a) because they are not authorized closing costs or official fees as defined in W. Va. Code §§ 46A-1-102(7) and (28).



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

15

111.    The "Loan Discount Fee," contrary to its name, provides no "discount" to the borrower.  To the contrary, it is in fact a second (and impermissible) broker/origination fee.

112.    Defendant also charged Plaintiffs and Plaintiff Class members unlawful notary fees.  Notary fees, such as those charged by Defendants, are not allowable closing costs under W. Va. Code § 46A-1-102(7)(d) because under W. Va. Code § 29C-4-301, the maximum notary fee that may be charged is $2.00.

113.    These illegal fees violate W. Va. Code § 46A-2-128(d), which prohibits the collection of fees or charges incidental to the principal obligation if not allowable by law.

### Count Seven—Breach of Contract
### (Against Quicken)

114.    Plaintiffs incorporate herein each allegation in this Complaint.

115.    Plaintiffs bring this Count on their own behalf, and on behalf of the proposed Plaintiff Class, against Defendant Quicken Loans.

116.    Quicken Loans has a duty of good faith and fair dealing implied in every contract that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

117.    Prior to the consummation of loans, including the above describe loans, Quicken Loans requires potential borrowers, including the Plaintiffs and Plaintiff Class members, to submit a deposit to be used to pay for appraisals and borrowers, including the Plaintiffs, are required to sign a contract typically titled Interest Rate Disclosure and Deposit Agreement pertaining to each party's rights and responsibilities with respect to payment for appraisals. Plaintiffs along with Quicken Loans executed such a contract.

118.    Quicken breached its contracts by:



BORDAS
—AND—
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

a.     Depriving Plaintiffs of the benefit of their bargain – specifically, of a fair and unbiased appraisal – by providing value estimates to appraisers; and

b.     Omitted or concealing from Plaintiffs the material fact that value estimates were being provided to the appraisers.

119.     Quicken's conduct constitutes a breach of the duty of good faith and fair dealing.

120.     As a direct and proximate result of these breaches, Plaintiffs suffered damages, including the cost of the compromised, false and unreliable appraisals.

### Count Eight—Negligence and Negligence Per Se
*(Against all Defendants)*

121.     Plaintiffs incorporate herein each allegation in this Complaint.

122.     The Defendants, Appraisals Unlimited, Guida, and Hyett in making the false appraisals as hereinabove alleged, breached the standards for professional practice in violation of W. Va. Code § 30-38-17.

123.     In addition, Defendants, Appraisals Unlimited, Guida, and Hyett breached the duty of care that is required in the appraisal industry, by negligently issuing erroneous appraisal reports upon which the parties relied.

124.     As a direct and proximate result of the above-described conduct, the Plaintiffs are entitled to actual damages, as hereinabove described, and a civil penalty pursuant to W. Va. Code § 30-38-15(c).

### B.     Claims by the Named Plaintiffs Only

### Count Nine—Fraud/Intentional Misrepresentation
*(Against all Defendants)*

125.     Plaintiffs incorporate herein each allegation in this Complaint.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

17

126.    Quicken Loans by way of its acts, omissions and concealments, intentionally made representations to the Plaintiffs that were false and/or made representations with a reckless disregard as to their veracity.

127.    Quicken Loans intended to induce the Plaintiffs to act based on its misrepresentations.

128.    Quicken Loans misrepresentations as to the value of Plaintiffs' properties played a substantial part in inducing the Plaintiffs to enter into the above described loan agreements.

129.    Such reliance on Quicken Loans misrepresentations by the Plaintiffs was justified.

130.    The Plaintiffs further reasonably relied upon the procedures of origination being proper and consistent with prudent industry practices when entering into this loan agreement.

131.    As a direct and proximate result of Quicken Loans misrepresentations, as hereinabove alleged, the Plaintiffs suffered actual damages as hereinabove described.

132.    The conduct of Quicken Loans and TSI, as hereinabove alleged, was done willfully, wantonly, recklessly and/or with complete indifference to their obligations under West Virginia law.  Furthermore, the Defendants Quicken Loans and TSI regularly engage in this type of conduct.

133.    The Plaintiffs, in addition to compensatory damages, should be awarded punitive damages in an amount that will punish Quicken Loans and its agent and joint venture partner TSI for their wrongful conduct and will deter them and other similarly situated institutions from engaging in similar conduct in the future.

134.    Plaintiffs are further entitled to appropriate equitable relief and the reasonable attorney fees and costs incurred in this action.



BORDAS
—AND—
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

18

### Count Ten—Illegal Loans in Excess of Fair Market Value
### (*Against all Defendants*)

135.    Plaintiffs incorporate herein each allegation in this Complaint.

136.    Defendants Quicken Loans and TSI induced the Plaintiffs into loan transactions that exceeded the fair market value of the Plaintiffs' property in violation of W. Va. Code § 31-17-8(m)(8).

137.    Defendants cannot meet their burden of establishing the elements of the affirmative defense set forth in W. Va. Code § 31-17-8(m)(8), as the appraisals at issue do not reflect independent valuations, were not bona fide and do not conform to the Uniform Standards of Professional Appraisal Practice ("USPAP").

138.    As a direct and proximate result of these willful violations, the Plaintiffs are entitled to the following statutory relief:  actual damages, to have the loan declared void and to attorneys' fees and costs under W. Va. Code § 31-17-17.

139.    The conduct of the Defendants Quicken Loans and TSI, as hereinabove alleged, was done willfully, wantonly, recklessly and/or with complete indifference to their obligations under West Virginia law.   Furthermore, the Defendants Quicken Loans, and TSI regularly engage in this type of conduct.

140.    The Plaintiffs, in addition to compensatory damages, should be awarded punitive damages in an amount that will punish these Defendants for their wrongful conduct and will deter them and other similarly situated institutions from engaging in similar conduct in the future.

### V.    RELIEF SOUGHT

On their own behalves, and on behalf of the proposed Plaintiff Class, Plaintiffs seek the following relief:



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

19

a.     Certification of the proposed classes;

b.     Judgment on all counts, together with an award of all available relief;

c.     A declaration that Defendants' acts were unlawful;

d.     Injunctive relief ordering the Defendants to cease engaging in the conduct described herein;

e.     For each act or practice found to constitute an unfair or deceptive act or practice, a penalty of the greater of $200 or actual damages under W. Va. Code § 46A-6-106;

f.     For each violation of Chapter 46A, including but not limited to each assessment of an illegal fee, a civil penalty up to the maximum as provided for under W. Va. Code § 46A-5-101 & 106;

g.     The voiding or modification of the mortgage loans, or a declaration to this effect, for all class members under W. Va. Code §§ 31-17-17 & 46A-2-121;

h.     Disgorgement and restitution of all illegal loan fees;

i.     Actual, compensatory, and punitive damages;

j.     Attorneys' fees and costs;

k.     Pre- and post-judgment interest; and

l.     All other appropriate relief.

## JURY TRIAL DEMANDED

Plaintiffs,
By Counsel

JAMES G. BORDAS JR. #409
JASON E. CAUSEY #9482
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
(304) 242-8410

and



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

20

JOHN W. BARRETT #7289
JONATHAN MARSHALL #10580
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

21

## Settlement Statement
Optional Form for
Transactions without Sellers

U.S. Department of Housing
and Urban Development

OMB Approval No. 2502-0491

| Name & Address of Borrower: | Name & Address of Lender: |
| --- | --- |
| Phillip Alig, Sara J. Alig | Quicken Loans Inc. ( Lender ) |
| | 20555 Victor Parkway |
| 1971 Highland Ln | Livonia, MI 48152 |
| Wheeling, WV 26003 | |



Michael Lyon
Vice President of
Mortgage Operations

| Property Location: (if different from above) | Settlement Agent: |
| --- | --- |
| 1971 Highland Ln | Title Source, Inc. |
| Wheeling, WV 26003 | Place of Settlement: |
| | 1971 Highland Ln , Wheeling, WV 26003 |

Loan Number:

Settlement Date:   12/27/07
Disbursement Date:                01/02/08

| L. Settlement Charges | | M. Disbursements to Others | |
| --- | --- | --- | --- |
| 800.  Items Payable in Connection with Loan | | 1501. CHASE MANHATTAN MTGE | $97,717.05 |
| 802. Loan Discount Fee 3.500 % to: Quicken Loans Inc. | $3,953.26 | 1502. AMERICAN HONDA FINANCE | $4,584.00 |
| 803. Appraisal Fee to: APPRAISALS UNLIMITED INC | $180.00 | 1503. BANK OF AMERICA | $4,141.00 |
| 804. Credit Report to: Fiserv Credstar | $17.39 | | |
| 807. Flood Life of Loan Coverage to: First American Flood | $5.00 | | |
| 808. Flood Cert Fee to: First American Flood Data Services | $10.50 | | |
| 809. Underwriting Fee to: Quicken Loans Inc. | $295.00 | | |
| 810. Processing Fee to: Quicken Loans Inc. | $575.00 | | |
| 811. TSI Appraisal Services | $80.00 | | |
| 900.  Items Required by Lender to be Paid in Advance | | | |
| 901. Int. from  01/02/2008 to 01/01/2008 | | | |
| @ $     10.61 per day for -1 days | $-10.61 | | |
| 1000. Reserves Deposited with Lender | | | |
| 1001. Hazard Insurance   10 months @ $    $28.24 per month | $282.40 | | |
| 1004. County Taxes   7 months @ $    $70.28 per month | $491.96 | | |
| 1008. Aggregate Acct. Adjustment | $-84.73 | | |
| 1100. Title Charges Title Commitment# 02781598 | | | |
| 1101. Settlement/Closing Fee to: Title Source Inc - Notary | 676.00 | | |
| 1102. Abstract or Title Search to: FNTG - TICOR | $195.00 | | |
| 1105a. Document Preparation Fee to: | $100.00 | | |
| 1108. Title Insurance to: FNTG - TICOR | $300.00 | | |
| 1110. Tax Certification Fee to: Title Source, Inc. | $18.00 | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201b. Recording Mortgage Fee | $24.00 | | |
| 1300. Additional Settlement Charges | | | |
| 1307. Express Mail/Courier Fee to: | $45.00 | | |
| 1400. Total Settlement Charges | | | |
| (enter on line 1002) | $7,043.16 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | 1520. TOTAL DISBURSED (enter on line 1603) | 106,442.05 |
| | | *Credit 808, 804, and $7.32 of 1110 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | N. NET SETTLEMENT | |
| | | 1600. Loan Amount | $112,950.00 |
| | | | |
| | | 1601. Plus Deposit Previously Received | $500.00 |
| | | | |
| | | Lender Credit *see above | $35.21 |
| | | 1602. Minus Total Settlement Charges | $7,043.16 |
| | | (line 1400)  POC - Not in Total | $0.00 |
| | | 1603. Minus Total Disbursements to Others | $106,442.05 |
| | | (line 1520) | |
| | | 1604. Equals Cash to Borrower | $0.00 |
| | | (after expiration of any applicable | |
| | | rescission period required by law) | |

Borrower(s) Signatures:

| Phillip Alig | 12/27/2007<br>Date | Sara J. Alig | 12/27/2007<br>Date |
| --- | --- | --- | --- |
| | Date | | Date |

VMP-604 shud1.pcl  2007/00        form HUD-1A (2/94)
1772642942  12/24-16:01:41        ref. RESPA

Exhibit A



**A. Settlement Statement (HUD-1)**

OMB Approval No. 2502-0265

### B. Type of Loan

| | |
|---|---|
| 1. ☒ FHA  2. ☐ RHS  3. ☐ Conv. Unins. | 6. File Number: |
| 4. ☐ VA  6. ☐ Conv. Ins. | 7. Loan Number: ▇▇▇▇ |
| | 8. Mortgage Insurance Case Number: 571-1067590 |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| Phillip A. Alig<br>Sara J. Alig<br><br>1971 Highland Ln<br>Wheeling, WV 26003-5418 | | Quicken Loans Inc.<br><br>1050 Woodward Ave<br>Detroit, MI 48226-1906 |

| G. Property Location: | H. Settlement Agent: | I. Settlement Date: |
|---|---|---|
| 1971 Highland Ln<br>Wheeling, WV 26003-5418 | Title Source, Inc.<br><br>(304)242-4263<br>Place of Settlement:<br>1971 Highland Ln, Wheeling, WV  26003-5418 | January 18, 2011<br><br>Disbursement Date: 01/24/11 |

### J. Summary of Borrower's Transaction

| 100. Gross Amount Due from Borrower | |
|---|---|
| 101. Contract sales price | |
| 102. Personal property | |
| 103. Settlement charges to borrower (line 1400) | $5,054.41 |
| 104. BAC HOME LOANS SERVICI | $109,890.65 |
| 105. | |
| **Adjustment for items paid by seller in advance** | |
| 106. City/town taxes          to | |
| 107. County taxes          to | |
| 108. Assessments          to | |
| 109. | |
| 110. | |
| 111. | |
| 112. | |
| **120. Gross Amount Due from Borrower** | **$114,945.06** |
| 200. Amount Paid by or in Behalf of Borrower | |
| 201. Deposit of earnest money | |
| 202. Principal amount of new loan(s) | $113,524.00 |
| 203. Existing loan(s) taken subject to | |
| 204. Good Faith Deposit to Quicken Loans Inc. | $750.00 |
| 205. Lender Credit | $709.50 |
| 206. | |
| 207. | |
| 208. | |
| 209. | |
| **Adjustments for items unpaid by seller** | |
| 210. City/town taxes          to | |
| 211. County taxes          to | |
| 212. Assessments          to | |
| 213. | |
| 214. | |
| 215. | |
| 216. | |
| 217. | |
| 218. | |
| 219. | |
| **220. Total Paid by/for Borrower** | **$114,983.50** |
| 300. Cash at Settlement from/to Borrower | |
| 301. Gross amount due from borrower (line 120) | $114,945.06 |
| 302. Less amounts paid by/for borrower (line 220) | $114,983.50 |
| | |
| 303. Cash ☐ From  ☒ To Borrower | $38.44 |

### K. Summary of Seller's Transaction

| 400. Gross Amount Due to Seller | |
|---|---|
| 401. Contract sales price | |
| 402. Personal property | |
| 403. | |
| 404. | |
| 405. | |
| **Adjustments for items paid by seller in advance** | |
| 406. City/town taxes          to | |
| 407. County taxes          to | |
| 408. Assessments          to | |
| 409. | |
| 410. | |
| 411. | |
| 412. | |
| **420. Gross Amount Due to Seller** | |
| 500. Reductions In Amount Due to Seller | |
| 501. Excess deposit (see instructions) | |
| 502. Settlement charges to seller (line 1400) | |
| 503. Existing loan(s) taken subject to | |
| 504. Payoff of first mortgage loan | |
| 505. Payoff of second mortgage loan | |
| 506. | |
| 507. | |
| 508. | |
| 509. | |
| **Adjustments for items unpaid by seller** | |
| 510. City/town taxes          to | |
| 511. County taxes          to | |
| 512. Assessments          to | |
| 513. | |
| 514. | |
| 515. | |
| 516. | |
| 517. | |
| 518. | |
| 519. | |
| **520. Total Reduction Amount Due Seller** | |
| 600. Cash at Settlement to/from Seller | |
| 601. Gross amount due to seller (line 420) | |
| 602. Less reductions in amount due seller (line 520) | |
| | |
| 603. Cash ☐ To  ☐ From Seller | |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

Settlement Statement<br>Wolters Kluwer Financial Services     VMP ®     Previous editions are obsolete     Page 1 of 4     HUD-1 11/17/05<br>VMP601FA (0908).00<br>2195436664   01/11-17:59:08



q03325765968 0335 405 0104

**Exhibit B**

## L. Settlement Charges

| | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| **700. Total Real Estate Broker Fees** | | | |
| Division of commission (line 700) as follows: | | | |
| 701. $ | to | | |
| 702. $ | to | | |
| 703. Commission paid at settlement | | | |
| 704. | | | |
| **800. Items Payable in Connection with Loan** | | | |
| 801. Our origination charge   $ 1,124.00 | (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | | | |
| $ | (from GFE #2) | | |
| 803. Your adjusted origination charges | (from GFE A) | $1,124.00 | |
| 804. Appraisal fee to  TSI Appraisal Services | (from GFE #3) | $575.00 | |
| 805. Credit report to  Credco | (from GFE #3) | $17.05 | |
| 806. Tax service to | (from GFE #3) | | |
| 807. Flood certification CoreLogic Flood Services | (from GFE #3) | $5.00 | |
| 808. Flood Determination Fee CoreLogic Flood Services | | $10.50 | |
| 812. Tax Certification Fee Title Source, Inc. | | $18.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| **900. Items Required by Lender to Be Paid in Advance** | | | |
| 901. Daily interest charges from 01/24/11  to 02/01/11  @ $14.00   /day  (from GFE #10) | | $112.00 | |
| 902. Mortgage insurance premium for  12  months to Federal Housing Administ  (from GFE #3)       Financed | | $1,124.00 | |
| 903. Homeowner's insurance for      years to | (from GFE #11) | | |
| 904. Homeowners Insurance Premium Previously Paid:      $465.49 | | | |
| 905. | | | |
| **1000. Reserves Deposited with Lender** | | | |
| 1001. Initial deposit for your escrow account | (from GFE #9) | $881.74 | |
| 1002. Homeowner's insurance | 11  months @ $   37.96   per month $   417.56 | | |
| 1003. Mortgage insurance | 1    months @ $   83.68   per month $   83.68 | | |
| 1004. Property taxes OHIO COUNTY | 9    months @ $   72.26   per month $   650.34 | | |
| 1005. | months @ $      per month $ | | |
| 1006. | months @ $      per month $ | | |
| 1007. | months @ $      per month $ | | |
| 1008. | months @ $      per month $ | | |
| 1009. | months @ $      per month $ | | |
| 1010. Aggregate Adjustment | $   -269.84 | | |
| **1100. Title Charges** | | | |
| 1101. Title services and lender's title insurance | (from GFE #4) | $1,165.12 | |
| 1102. Settlement or closing fee Title Source, Inc. | $ 575.00 | | |
| 1103. Owner's title insurance | (from GFE #5) | | |
| 1104. Lender's title insurance $   195.12 | | | |
| 1105. Lender's title policy limit $   113,524.00 | | | |
| 1106. Owner's title policy limit $ | | | |
| 1107. Agent's portion of the total title insurance premium $ 335.86 | | | |
| 1108. Underwriter's portion of the total title insurance premium $ 59.26 | | | |
| 1109. Abstract or Title Search TITLE SOURCE, INC. | $150.00 | | |
| 1130. ALTA 8.1 Environmental Protection Lien TITLE SOURCE, INC. | $100.00 | | |
| 1131. ALTA 9 Restrictions, Encroachments, Minerals TITLE SOURCE, INC$100.00 | | | |
| 1137. Express Mail/Courier Fee | $45.00 | | |
| | | | |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201. Government recording charges | (from GFE #7) | $22.00 | |
| 1202. Deed $   Mortgage $ 22.00   Releases $ | | | |
| 1203. Transfer taxes | (from GFE #8) | | |
| 1204. City/County tax/stamps   Deed $   Mortgage $ | | | |
| 1205. State tax/stamps   Deed $   Mortgage $ | | | |
| | | | |
| **1300. Additional Settlement Charges** | | | |
| 1301. Required services that you can shop for | (from GFE #6) | | |
| | $ | | |
| | $ | | |
| | $ | | |
| | $ | | |
| | $ | | |
| | $ | | |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | | $5,054.41 | |

### A. HUD-1 UNIFORM SETTLEMENT STATEMENT

**B. Type of Loan**

| 1.[ ] FHA 2.[ ] FmHA 3.[X ] Conv. Unins. | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
|---|---|---|---|
| 4.[ ] VA   5.[ ] Conv. Ins. | | | |

C. NOTE: This form furnishes a statement of settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name, Address & TIN of Seller: | F. Name & Address of Lender: |
|---|---|---|
| Roxanne Shea | Mary Jane Pauley | Quicken Loans Inc. |
| 21 Ridgewood Avenue | 21 Ridgewood Avenue | 20555 Victor Parkway |
| Wheeling       , WV 26003 | Wheeling       , WV 26003 | Livonia       , MI 48152 |

| G. Property Location: | TIN of Seller: | H. Settlement Agent: |
|---|---|---|
| 21 Ridgewood Avenue | Place of Settlement | Ihlenfeld Law Office PLLC |
| Wheeling, WV 26003 | 76 ½ Fourteenth Street | |
| | Wheeling, WV 26003 | I. Settlement Date:   May 10, 2006 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower:** | | **400. Gross Amount Due to Seller:** | |
| 101. Contract sales price | 149,350.00 | 401. Contract sales price | 149,350.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Borrower's settlement charges (line 1400) | 5,854.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes          to | 0.00 | 406. City/town taxes          to | 0.00 |
| 107. County taxes          to | 0.00 | 407. County taxes          to | 0.00 |
| 108. Assessments   5/10/06   to   6/30/06 | 10.68 | 408. Assessments   5/10/06   to   6/30/06 | 10.68 |
| 109.          to | 0.00 | 409. | 0.00 |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| **120. Gross Amount Due from Borrower** | 155,214.68 | **420. Gross Amount Due to Seller** | 149,360.68 |
| **200. Amounts Paid by or in Behalf of Borrower:** | | **500. Reductions in Amount Due to Seller:** | |
| 201. Deposits or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 110,475.00 | 502. Settlement charges to seller (line 1400) | 603.80 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage to The Citizens Bank | 34,235.55 |
| 205. Credit for application deposit | 350.00 | 505. Payoff of second mortgage | |
| 206. Seller closing cost credit | 4,350.00 | 506. Seller closing cost credit | 4,350.00 |
| 207. | | 507. | |
| 208. Proceeds from second loan | 28,354.82 | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes          to | 0.00 | 510. City/town taxes          to | 0.00 |
| 211. County taxes   1/1/06   to   5/10/06 | 219.55 | 511. County taxes   1/1/06   to   5/10/06 | 219.55 |
| 212. Assessments          to | 0.00 | 512. Assessments          to | 0.00 |
| 213.          to | 0.00 | 513.          to | 0.00 |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/for Borrower** | 152,740.37 | **520. Total Reduction Amount Due Seller** | 39,468.90 |
| **300. Cash at Settlement From/to Borrower** | | **600. Cash at Settlement To/from Seller** | |
| 301. Gross amount due from borrower (line 120) | 155,214.68 | 601. Gross amount due to seller (line 420) | 149,360.68 |
| 302. Less amounts paid by/for borrower (line 220) | 152,740.37 | 602. Less reductions in amount due seller (line 520) | 39,468.90 |
| 303. Cash  [X]from  [ ]to Borrower | 2,466.31 | 603. Cash  [X]to  [ ]from Seller | 109,891.78 |

**Substitute Form 1099 Seller Statement**

The information in Blocks E, G, H, I & line 401 (or, if line 401 is asterisked, line 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. If this real estate is your principal residence, file Form 2119, *Sale or Exchange of Principal Residence*, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040). You are required to provide the Settlement Agent (named above) with your correct taxpayer identification number. If you do not provide the Settlement Agent with your taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

_____ (Seller)     *Mary Jane Pauley* (Seller)
                                         Mary Jane Pauley



© ThorpeForms.com

**Exhibit C**

| | | | Paid from Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|
| 700. Total Sales/Broker's Commission: (based on price) | 149,350.00 @ | % | | |
| Division of Commission (line 700) as follows: | | | | |
| 701. | | | | |
| 702. | | | | |
| 703. Commission paid at Settlement | | | | 0.00 |
| 704. | | | | |
| 800. Items Payable in Connection with Loan | | | | |
| 801. Loan Origination Fee | | | | |
| 802. Loan Discount Fee 2.50000% | | | 2,986.00 | |
| 803. Appraisal Fee to Appraisals Unlimited | | | 180.00 | |
| 804. Credit Report to KFD (Kroll Factual Data) | | | 7.19 | |
| 805. Lender's Inspection Fee | | | | |
| 806. Mortgage Insurance Application Fee | | | | |
| 807. Flood life of loan coverage to First American Flood Data Services | | | 5.00 | |
| 808. Flood cert fee to First American Flood Data Services | | | 10.50 | |
| 809. Underwriting Fee to Quicken Loans | | | 295.00 | |
| 810. Processing Fee to Quicken Loans | | | 675.00 | |
| 811. TSI Appraisal Services | | | 80.00 | |
| 812. | | | | |
| 813. | | | | |
| 814. | | | | |
| 900. Items Required by Lender to Be Paid in Advance | | | | |
| 901. Interest from   May 10, 2006   to   Jun 1, 2006   @   21.9900   per day | | | 483.78 | |
| 902. Mortgage Insurance Premium for | | | | |
| 903. Hazard Insurance Premium for | | | | |
| 904. | | | | |
| 905. | | | | |
| 1000. Reserves Deposited with Lender | | | | |
| 1001. Hazard Insurance | 3 | months @ $   54.13   per month | 162.39 | |
| 1002. Mortgage Insurance | | months @ $   per month | 0.00 | |
| 1003. City property taxes | | months @ $   per month | 0.00 | |
| 1004. County property taxes | 2 | months @ $   50.47   per month | 100.94 | |
| 1005. Annual assessments | | months @ $   per month | 0.00 | |
| 1006. | | months @ $   per month | 0.00 | |
| 1007. | | | | |
| 1008. | | | | |
| 1009. Aggregate Accounting Adjustment | | | (168.66) | |
| 1100. Title Charges | | | | |
| 1101. Settlement/closing fee | | | | |
| 1102. Abstract/title search | | | | |
| 1103. Title examination to Ihlenfeld Law Office PLLC | | | 600.00 | |
| 1104. Title insurance binder | | | | |
| 1105. Document preparation | | | | |
| 1106. Notary fees | | | | |
| 1107. Attorney's fees | | | | |
| (includes above item numbers | | | | |
| 1108. Title Insurance to First American | | | 380.00 | |
| (includes above item numbers | | | | |
| 1109. Lender's coverage $119,475.00 | | | | |
| 1110. Owner's coverage | | | | |
| 1111. Courier Fee to Ihlenfeld Law Office PLLC | | | 50.00 | |
| 1112. Document Fee to Ihlenfeld Law Office PLLC | | | 50.00 | |
| 1113. | | | | |
| 1200. Government Recording and Transfer Charges | | | | |
| 1201. Recording:   Deed 11.00   Mortgage 25.00   Release 0.00 | | | 36.00 | 6.00 |
| 1202. City/county tax/stamps:   Deed 657.60   Mortgage | | | | 657.60 |
| 1203. State tax/stamps:   Deed   Mortgage | | | 0.00 | |
| 1204. | | | | |
| 1205. | | | | |
| 1206. | | | | |
| 1300. Additional Settlement Charges | | | | |
| 1301. Survey | | | | |
| 1302. Pest Inspection | | | | |
| 1303. | | | | |
| 1304. VOD/VOM/VOR to Quicken Loans | | | 10.00 | |
| 1305. | | | | |
| 1306. | | | | |
| 1307. | | | | |
| 1308. | | | | |
| 1400. Total Settlement Charges (This Number Transfers to Lines 103 & 602 Above) | | | 5,854.00 | 663.60 |

CERTIFICATION

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_Mary Jane Pauley_ _____ Seller      _Roxanne Banbury Shea_ _____ Borrower
Mary Jane Pauley                             Roxanne Shea

_____ Seller      _____ Borrower

To the best of my knowledge the HUD-1 Settlement Statement which I have prepared is true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

_____ Settlement Agent   5/10/06   Date
Ihlenfeld Law Office PLLC

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

**Settlement Statement**
Optional Form for
Transactions without Sellers

U.S. Department of Housing
and Urban Development

OMB Approval No. 2502-0491

| Name & Address of Borrower: | Name & Address of Lender: |
| --- | --- |
| Roxanne Shea, Daniel V. Shea | Quicken Loans Inc. ( Lender ) |
| | 20555 Victor Parkway |
| 21 Ridgewood Ave | Livonia, MI 48152 |
| Wheeling, WV 26003 | |

Michael Lyon
Vice President of
Mortgage Operations

| Property Location: (if different from above) | Settlement Agent: |
| --- | --- |
| 21 Ridgewood Ave | Title Source, Inc. |
| Wheeling, WV 26003 | Place of Settlement: |
| | 21 Ridgewood Ave, Wheeling, WV 26003 |
| Loan Number: | Settlement Date: 07/31/08 |
| | Disbursement Date: 08/05/08 |

| L.  Settlement Charges | | M.  Disbursements to Others | |
| --- | --- | --- | --- |
| 800.  Items Payable in Connection with Loan | | 1501. OCWEN LOAN SERVICING L | $30,058.06 |
| 801.  Loan Origination Fee 1.000 % to Quicken Loans Inc. | $1,592.50 | 1502. AMERICAS SERVICING CO. | $119,961.02 |
| 803.  Appraisal Fee to: WILSON APPRAISAL SERVICE LLC | $350.00 | | |
| 804.  Credit Report to: Credco | $46.17 | | |
| 807.  Flood Life of Loan Coverage to: First American Flood | $5.00 | | |
| 808.  Flood Cert Fee to: First American Flood Data Services | $10.50 | | |
| 813.  MI Paid in Cash | $0.76 | | |
| 888.  TSI Appraisal Services | $80.00 | | |
| 900.  Items Required by Lender to be Paid in Advance | | | |
| 901.  Int. from 08/05/2008 to 09/01/2008 | | | |
| @ $    28.23 per day for 27 days | $762.21 | | |
| 902.  Mortgage Insurance Premium for 12 Months Financed | $2,288.00 | | |
| 1000.  Reserves Deposited with Lender | | | |
| 1001. Hazard Insurance   6 months @ $    $54.97 per month | $320.02 | | |
| 1002. Mortgage Insurance   1 months @ $    $63.54 per month | $93.54 | | |
| 1004. County Taxes   3 months @ $    $50.51 per month | $176.53 | | |
| 1008. Aggregate Acct. Adjustment | $-228.51 | | |
| 1100.  Title Charges Title Commitment# 02027010 | | | |
| 1101. Settlement/Closing Fee to: Title Source Inc - Notary | $75.00 | | |
| 1102. Abstract or Title Search to: TITLE SOURCE, INC. | $160.00 | | |
| 1108. Title Insurance to: TITLE SOURCE, INC. | $187.80 | | |
| 1113. Add'l Endorsement Fee to: Title Source Inc - Notary | $30.00 | | |
| 1116. Tax Certification Fee to: | $18.00 | | |
| 1200.  Government Recording and Transfer Charges | | | |
| 1201b. Recording Mortgage Fee | $24.00 | | |
| 1300.  Additional Settlement Charges | | | |
| 1307. Express Mail/Courier Fee to: | $45.00 | | |
| 1309. Current Taxes Due to: OHIO COUNTY | 357.05 | | |
| 1400.  Total Settlement Charges | | | |
| (enter on line 1602) | $6,017.36 | | |
| | | 1520. TOTAL DISBURSED (enter on line 1603) | 150,019.08 |
| | | *Credit 808, 1201, 1113, 804, 1102, 1108, 803, | |
| | | 807, 1116, 1307, 888, and $261.53 of 1101 | |
| | | N. NET SETTLEMENT | |
| | | 1600. Loan Amount | $105,640.00 |
| | | 1601. Plus Deposit Previously Received | $300.00 |
| | | Lender Credit *see above | $1,200.00 |
| | | 1602. Minus Total Settlement Charges | $6,017.36 |
| | | (line 1400) POC - Not in Total | $0.00 |
| | | 1603. Minus Total Disbursements to Others | $150,019.08 |
| | | (line 1520) | |
| | | 1604. Equals Cash to Borrower | $210.00 |
| | | (after expiration of any applicable | |
| | | rescission period required by law) | |

Borrower(s) Signatures:

| | | | |
| --- | --- | --- | --- |
| | 07/31/2008 | | 07/31/2008 |
| Roxanne Shea | Date | Daniel V. Shea | Date |
| | Date | | Date |

**Exhibit D**

CERTIFIED MAIL

6.00



UNITED STATES POSTAGE
PITNEY BOWES

02 1R          $ 06.00⁰
0006561724    JUN 22  2012
MAILED FROM ZIP CODE 25311



 CT Corporation

**Service of Process Transmittal**
06/25/2012
CT Log Number 520745120

**TO:**   George Popofski
Quicken Loans Inc.
1050 Woodward Ave.
Detroit, MI 48226

**RE:**   **Process Served in West Virginia**

**FOR:**   Quicken Loans Inc. (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Phillip Alig, et al., Pltfs. vs. Quicken Loans, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, First Amended Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Ohio County Circuit Court, WV<br>Case # 11C430 |
| **NATURE OF ACTION:** | Plaintiff's received damages and seeks compensatory and punitive damages due to defendants wrongful conduct |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/25/2012 postmarked on 06/22/2012 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | James G. Bordas Jr.<br>Bordas & Bordas, PLLC<br>1358 National Road<br>Wheeling, WV 26003<br>304-242-8410 |
| **REMARKS:** | Process served/received by Secretary of State of West Virginia on June 21, 2012 and mailed to C T Corporation System on June 22, 2012 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/25/2012, Expected Purge Date: 06/30/2012<br>Image SOP<br>Email Notification, George Popofski georgepopofski@quickenloans.com<br>Email Notification, Andy Lusk andrewlusk@quickenloans.com<br>Email Notification, Amika Thornton amikathornton@quickenloans.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Amy McLaren<br>5400 D Big Tyler Road<br>Charleston, WV 25313<br>800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305



9171 9237 9000 1000 6921 32



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 338589 |
| Defendant: | Quicken Loans, Inc. |
| County: | 35 |
| | 6/21/2012 |
| Civil Action: | 11-C-430 |

Quicken Loans, Inc.
C. T. Corporation System
5400 D Big Tyler Road
Charleston WV 25313

I am enclosing:

| | | |
|---|---|---|
| ____ summons | ____ affidavit | ____ summons and complaint |
| ____ notice | ____ answer | ____ summons and verified complaint |
| ____ order | ____ cross-claim | ____ summons and amended complaint |
| ____ petition | ____ counterclaim | ____ 3rd party summons and complaint |
| ____ motion | ____ request | ____ notice of materialmans lien |
| ____ suggestions | ____ notice to redeem | ____ notice of mechanic's lien |
| ____ interrogatories | ____ request for production | ____ re-issue summons and complaint |
| ____ discovery | ____ request for admissions | ____ subpoena duces tecum |
| ____ suggestee execution | ____ notice of uim claim | __1__ Summons and 1st Amended Complaint |
| ____ subpoena | ____ writ | |
| ____ stipulation | ____ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have
accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly
to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

*Sincerely,*

Natalie E Tennant

Natalie E. Tennant
Secretary of State

***SUMMONS***
IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

CIVIL CASE NO. 11-C-430

PHILLP ALIG AND
SARA ALIG
AND
ROXANNE SHEA AND
DAN SHEA, HUSBAND AND WIFE

VS.

QUICKEN LOANS INC

APPRAISALS UNLIMITED, INCORPORATED

DEWEY V. GUIDA

TITLE SOURCE, INC.

RICHARD W. HYETT

PLEASE SERVE:

QUICKEN LOANS INC.
C/O CT CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLES, WV 25313

APPRAISALS UNLIMITED INCORPORATED
C/O DEWEY V. GUIDA, PRESIDENT
3376 MAIN STREET
WEIRTON, WV 26062

DEWEY V. GUIDA
1012 BARONE DRIVE
WEIRTON, WV 26062

TITLE SOURCE, INC.
D/B/A/ TITLE SOURCE, INC. OF WEST VIRGINIA
C/O CT CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLES, WV 25313

RICHARD W. HYETT
RD 1 BOX 406
MOUNDSVILLE, WV 26041

***TO THE ABOVE NAMED DEFENDANT(S):***
     IN THE NAME OF THE STATE OF WEST VIRGINIA, YOU ARE HEREBY SUMMONED AND
REQUIRED TO SERVE UPON JASON E. CAUSEY, ESQUIRE WHOSE ADDRESS IS 1358 NATIONALA
ROAD, WHEELING, WV 26003 AN ANSWER, INCLUDING ANY RELATED COUNTERCLAIM YOU MAY
HAVE TO THE COMPLAINT FILED AGAINST YOU IN THE ABOVE STYLED CIVIL ACTION, A TRUE
COPY OF WHICH IS HEREWITH DELIVERED TO YOU. YOU ARE REQUIRED TO SERVE YOUR ANSWER
WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF
SERVICE. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR
THE RELIEF DEMANDED IN THE COMPLAINT AND YOU WILL THEREAFTER BE BARRED FROM
ASSERTING IN ANOTHER ACTION ANY CLAIM YOU MAY HAVE WHICH MUST BE ASSERTED BY
COUNTERCLAIM IN THE ABOVE STYLED CIVIL ACTION.

June 15, 2012

BRENDA L. MILLER
CLERK OF COURT

BY: _____
DEPUTY CLERK

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

PHILLIP ALIG, SARA J. ALIG,
ROXANNE SHEA and DANIEL V. SHEA,
Individually and on behalf of a class of persons,

        Plaintiffs,

v.

QUICKEN LOANS, INC., and
TITLE SOURCE, INC. d/b/a TITLE
SOURCE INC. OF WEST VIRGINIA,
INCORPORATED, DEWEY V. GUIDA,
APPRAISALS UNLIMITED, INC., and
RICHARD HYETT,

        Defendants.

Civil Action Nos. 428 & 430
Judge Gaughan

## FIRST AMENDED COMPLAINT

Through their undersigned counsel, Plaintiffs bring this action on their own behalves and on behalf of a proposed class of West Virginians. Plaintiffs allege the following based on personal knowledge as to allegations regarding the Plaintiffs, and on information and belief as to other allegations.

### I.    INTRODUCTION

1.     This action arises out of the conduct of the network of persons and entities involved in facilitating unlawful Quicken mortgage loans in West Virginia. Each Defendant's participation in the origination of Quicken mortgage loans is essential to the enterprise.

2.     Defendants, and the claims alleged, include: (a) Quicken Loans, Inc., who originates the unlawful loans to West Virginia borrowers, charges borrowers a host of unlawful fees, and fails to provide borrowers with signed copies of loan documents at closing as West Virginia law requires; (b) Quicken's affiliate, Title Source, Inc., who purportedly performs loan-related services for borrowers and extracts unlawful fees from them, and whose



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6699

bordaslaw.com

participation in the transaction as an undisclosed affiliate violates state consumer-finance laws; and (c) a class of real estate appraisers—represented by Appraisals Unlimited, Inc., Dewey V. Guida, and Richard Hyett (collectively, "Defendant Appraiser Class")—who receive appraisal assignments from Quicken that improperly include the targeted appraisal figure Quicken needs to issue the loans.

## II.   IDENTIFICATION OF THE PARTIES

3.   Plaintiffs Phillip Alig, Sara J. Alig, Roxanne Shea, and Daniel V. Shea are now, and have been, residents of Ohio County, West Virginia at all times material and relevant herein.

4.   Defendant Quicken Loans, Inc. ("Quicken Loans" or "Quicken") is a corporation organized under the laws of the State of Michigan with its principal place of business located in Livonia, Michigan.  Its agent for service of process is CT Corporation System, 707 Virginia Street E, Charleston, West Virginia 25301.  Quicken Loans is part of a financial network and wholly owned by Rock Holdings, which is the same parent company that wholly owns Defendant Title Source, Inc.  At all relevant times, Quicken Loans was actively engaged in the business of soliciting, writing and administering prime and sub-prime loans to West Virginia residents.

5.   Defendant Title Source, Inc., d/b/a Title Source Inc. of West Virginia ("TSI"), is a corporation organized under the laws of the State of Michigan with its principal place of business located in Troy, Michigan.  Its agent for service of process is Jeffrey Eisenshtadt, 1450 West Long Lake Road, Suite 400, Troy, Michigan 48098.  TSI is a sister corporation of Quicken Loans, has a close relationship with Quicken Loans, shares office space with Quicken Loans, and acts as its appraisal management company.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

2

6.      Defendant Appraisals Unlimited, Incorporated is a corporation organized under the laws of the State of West Virginia with its principal place of business located in Weirton, West Virginia.  Process is to be served on its president, Dewey V. Guida at 3376 Main Street, Weirton, West Virginia 26062.  At all relevant times, it was actively engaged in the business of appraising real property in the State of West Virginia.

7.      Defendant Dewey V. Guida ("Guida") is an individual residing at 1012 Barone Drive, Weirton, West Virginia.  At all relevant times, Guida was engaged in the business of appraising real property in the State of West Virginia.

8.      Guida is a long term appraiser for Quicken and TSI performing more than one hundred appraisals of West Virginia properties for them and receiving their highest ranking for appraisers.  Appraisals Unlimited and Guida have repeatedly provided Quicken with inflated appraisals and were primary defendants in the predatory lending matters styled, *Brown v. Quicken Loans Inc., et al.*, Ohio County Civil Action No. 08-C-36; *O'Brien v. Quicken Loans Inc., et al.*, Ohio County Civil Action No. 09-C-376; *Blankenship v. Quicken Loans Inc., et al.*, Ohio County Civil Action No. 10-C-80; and *Duncan v. Quicken Loans Inc., et al.*, Ohio County Civil Action No. 10-C-70.1, from whom significant relief was sought and obtained by way of settlements found to be in good faith by the respective trial courts.

9.      Defendant Richard W. Hyett ("Hyett") is an individual residing at RD 1 Box 406, Moundsville, West Virginia.  At all relevant times, Hyett was engaged in the business of appraising real property in the State of West Virginia.

10.     Each of the above-named Defendants is liable for the unlawful acts of the others under the doctrines of agency, joint venture, and/or civil conspiracy.

---

[1]  Appraisals Unlimited and Guida are also primary defendants in the pending action styled, *Cline v. Quicken Loans Inc.*, et al., Marshall County Civil Action No. 11-C-38, from whom significant relief is sought.

3

**BORDAS**
— AND —
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

### III.   FACTUAL ALLEGATIONS

#### A.   Quicken's Standard Practices

##### *Quicken's Standard Practice Was To Communicate Target Appraisal Values To Its Appraisers In Order To Originate Loans*

11.     The U.S. Department of the Treasury has defined predatory lending as "engaging in deception or fraud, manipulating the borrower through aggressive sales tactics, or taking unfair advantage of a borrower's lack of understanding about loan terms…that, alone or in combination, are abusive or make the borrower more vulnerable to abusive practice."

12.     As part of its predatory lending practices, Quicken has systematically sought to influence appraisers to provide appraisal values high enough to support issuance of loans.

13.     One of the ways Quicken Loans has sought to influence appraisers is to provide the appraisers with suggested or estimated values on appraisal request forms before the appraisers provide their appraisal reports.

14.     The practice of influencing appraisers has long been condemned by regulators, government agencies, the Appraisal Foundation, and others.

15.     In *Brown v. Quicken Loans, Inc., et al.*, Civil Action No. 08-C-36 (Cir. Ct. of Ohio County) (Recht, J.), the Court determined that such a practice is contrary to the common law and consumer protection statutes of West Virginia, and concluded that "[n]o legitimate purpose is served by providing an appraiser with an estimated value of a property.  The only purpose could be to inflate the true value of the property."

16.     To obtain a Quicken mortgage loan, a borrower is required to pay the cost of the appraisal.  Quicken charged borrowers, including the Plaintiffs, for the appraisal cost, but did not inform them of its efforts to influence the appraisal by passing on target appraisal values to purportedly independent appraisers.



BORDAS
— AND —
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

4

17.    Quicken Loan's actions in compromising the integrity of the appraisal process rendered its appraisals unreliable and worthless.

### Quicken's Standard Practice Was
### To Assess Unlawful And Excessive Fees

18.    After Quicken Loans obtained an appraisal value sufficient to sustain the loan, Quicken employed standard practices to charge borrowers, including the Plaintiffs, excessive and unlawful fees.

19.    For instance, Quicken would charge borrowers false, excessive, and unlawful fees for, *inter alia*, notarial services, document preparation, courier services, and bogus "loan discount" charges.

20.    These fees violate applicable law, and have enriched Quicken at the expense of its borrowers.

### Quicken's Standard Practice Was To Provide
### Borrowers With Unsigned Copies Of Loan Documents

21.    The loans at issue in this case are primary mortgage loans, *see* W. Va. Code § 31-17-1(m), and therefore are subject to the requirements of the Residential Mortgage Lending Act.

22.    At closing, Quicken provided West Virginia borrowers with a thick packet of unsigned loan documents.  The packet included documents such as an amortization schedule, appraisal, payoff statement, invoices for closing-related services, insurance information, escrow disclosures, loan disbursement statement, note, deed of trust, and other critical loan documents.

23.    The Residential Mortgage Lending Act provides that "[a] borrower must be given a copy of every signed document executed by the borrower at the time of closing."  W. Va. Code § 31-17-8(j)(6).



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

24.    Despite this requirement, West Virginia borrowers, including the Plaintiffs, did not receive a copy of every signed document they executed at the time of closing.

### Quicken's Standard Practice Was To Charge Fees Prohibited By The Residential Mortgage Lending Act

25.    The Residential Mortgage Lending Act provides that "[e]xcept for fees for services provided by unrelated third parties for appraisals, inspections, title searches and credit reports, no application fee may be allowed" except in certain limited circumstances inapplicable in mortgage refinancing cases. *See* W. Va. Code § 31-17-8(g).

26.    Notwithstanding this limitation, Defendant Quicken charged West Virginia borrowers, including the Plaintiffs, a fee payable to Title Source, Inc.

27.    At the time each loan was closed, Title Source, Inc. was not an unrelated third party, but instead was an affiliate of Defendant Quicken.

28.    The fees designated for Title Source, Inc. cannot be charged under the Residential Mortgage Lender Act.

### B.    The Named Plaintiffs' Allegations

#### The Alig 2007 loan

29.    In late 2007, Quicken Loans solicited the Aligs to refinance their existing mortgage loan.

30.    Quicken Loans arranged for Defendants Guida and Appraisals Unlimited to appraise the Aligs' home.

31.    Upon information and belief, Quicken followed its standard unlawful practice of sending Defendants Guida and Appraisals Unlimited an appraisal request form that included a target appraisal value in the form of an "estimated value."



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

6

32.     Defendants Guida and Appraisals Unlimited issued an appraisal report stating that, as of December 17, 2007, the market value of the Aligs' home was $125,500.

33.     In fact, the market value of the home as of that date was $99,500, a fact the Aligs did not discover until 2011.

34.     Through its appraisal, Quicken Loans materially misrepresented the market value of the Aligs' property.

35.     The Aligs justifiably relied on this misrepresentation, to their detriment.

36.     In reliance on the appraisal, on or about December 27, 2007, the Aligs executed a promissory note in the principal sum of $112,500.00; the note was secured by a deed of trust on the Aligs' property in favor of Quicken Loans (the "Alig 2007 loan").

37.     Quicken charged the Aligs $7,043.00 for origination and closing costs.  These points, fees and costs were excessive, at least in part, because they were not *bona fide*, actually incurred by Quicken, reasonable, authorized by contract, or authorized by West Virginia law.  The Settlement Statement for this loan is attached as **Exhibit A**.

38.     The unlawful fees include:

  a.   Excessive fees for notary services;

  b.   $260.00 for the bogus Guida/Appraisals Unlimited appraisal;

  c.   $45.00 for an "Express Mail/Courier Fee" that does not truly reflect the cost of any express mail or courier service provided with respect to the Alig 2007 loan; and

  d.   A "loan discount fee" of 3.5% of the loan amount, or $3,953.25.

39.     The loan discount fee purportedly was a charge for the Aligs to "buy down" their interest rate.

40.     In fact, the loan discount fee did not reduce the Aligs' interest rate at all.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

7

41.     Instead, the loan discount fee was simply part of a compensation package Quicken provided to its agents or "mortgage bankers." The package gave Quicken's mortgage bankers the discretion to charge a rate/point/fee structure that exceeds the structure for which its customers qualified. Quicken refers to the revenue generated by the loan discount fee as a "premium," and splits the proceeds between itself and its loan agents.

42.     Quicken Loans' misrepresentation of the loan discount fee is materially false, deceptive, and unfair.

43.     The Aligs did not discover the true nature of these excessive charges until 2011.

44.     The Aligs did not receive signed copies of all loan documents from Quicken at the closing of the 2007 loan.

### *The Alig 2011 loan*

45.     In late 2010, Quicken Loans solicited the Aligs to refinance their mortgage loan a second time.

46.     Appraiser Lucas R. Johnson issued an appraisal report stating that as of November 22, 2010, the market value of the Aligs' property was $115,000.

47.     That value was false. At the time, the market value of the Aligs' property was approximately $99,500.00.

48.     Through its appraisal, Quicken Loans materially misrepresented the market value of the Aligs' property.

49.     The Aligs justifiably relied on this misrepresentation, to their detriment.

50.     In reliance on the appraisal, on or about January 18, 2011 the Aligs executed a promissory note in the principal sum of $113,524.00; the note was secured by a deed of trust on the Aligs' property in favor of Quicken (the "Alig 2011 Loan").



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

51.     Quicken charged the Aligs $5,054 for origination and closing costs. These charges were excessive, at least in part, because they were not *bona fide*, actually incurred by Quicken, reasonable, authorized by its contracts with the Aligs, or authorized by West Virginia law. The Settlement Statement for this loan is attached as **Exhibit B.**

52.     The Aligs were charged a standard fee of $45.00 for an "Express Mail/Courier Fee" that does not truly reflect the cost of any express mail or courier service provided with respect to the Alig 2011 Loan.

53.     The Aligs were not provided with signed loan documents.

### The Shea 2006 loans

54.     In early 2006, Quicken Loans solicited the Sheas for a pre-approved home purchase loan.

55.     Quicken Loans arranged for Defendants Guida and Appraisals Unlimited to perform an appraisal report. The report stated the market value of the home the Sheas intended to purchase was $151,000 as of April 27, 2006.

56.     This appraisal was false. In fact, the market value of the home was $115,500, a fact the Sheas did not discover until 2011.

57.     Through the appraisal, Quicken Loans materially misrepresented the market value of the home.

58.     The Sheas justifiably relied on this misrepresentation, to their detriment.

59.     In reliance on the appraisal, on or about May 10, 2006 the Sheas executed two promissory notes in the principal sums of $119,475.00 and $29,875.00. The notes were secured by deeds of trust on the Sheas' property in favor of Quicken (the "Shea 2006 Loans").



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

60.     Quicken charged the Sheas $5,854 for origination and closing costs. These points, fees and costs were excessive, at least in part, because they were not *bona fide*, actually incurred by Quicken, reasonable, authorized by its contracts with the Aligs, or authorized by West Virginia law. The Settlement Statement for this loan is attached as **Exhibit C**.

61.     The excessive and unlawful fees include $260 for the bogus appraisal, and a "loan discount fee" of $2,986.88, or 2.5% of the loan amount.

62.     The loan discount fee, and all loan discount fees referenced in this complaint, was deceptive, unlawful, unfair and improper for the same reasons stated above with respect to the Alig loans.

63.     The Sheas did not discover the true nature of the excessive charges, or of the bogus Guida/Appraisals Unlimited appraisal, until 2011.

64.     Quicken did not provide the Sheas with copies of signed loan documents.

### *The Shea 2008 loan*

65.     In mid-2008, Quicken Loans solicited the Sheas to refinance their 2006 mortgage loans.

66.     Quicken Loans arranged for Defendant Hyett to appraise the Shea home. Upon information and belief, Quicken followed its standard practice of sending Defendant Hyett an appraisal request form that included a target appraisal value in the form of an "estimated value."

67.     Defendant Hyett issued an appraisal report stating that, as of July 2, 2008, the market value of the Sheas' home was $158,000.

68.     In fact, the market value of the home as of that date was $135,000, a fact the Sheas did not discover until 2011.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

10

69.     Through the appraisal, Quicken Loans materially misrepresented the market value of the home.

70.     The Sheas justifiably relied on this misrepresentation, to their detriment.

71.     In reliance on the appraisal, the Sheas executed a promissory note in the principal sum of $155,548. The note was secured by a deed of trust on the Sheas' property in favor of Quicken (the "Shea 2008 Loan").

72.     Quicken charged the Sheas $6,817 in origination and closing costs.  These charges were excessive, at least in part, because they were not *bona fide*, actually incurred by Quicken, reasonable, authorized by its contracts with the Sheas, or authorized by West Virginia law.  The Settlement Statement for this loan is attached as **Exhibit D**.

73.     The unlawful fees include excessive fees for notary services; $430.00 for the bogus appraisal; and $45.00 for an "Express Mail/Courier Fee" that does not truly reflect the cost of any express mail or courier service provided with respect to the loan.

74.     The Sheas did not discover the true nature of these excessive charges until 2011.

75.     The Sheas were not provided with signed loan documents.

### C.     Class Allegations

76.     Plaintiffs bring this action on their own behalf, and on behalf of all other similarly situated individuals, under Rule 23(b)(3) of the West Virginia Rules of Civil Procedure.

77.     The proposed Plaintiff class is tentatively defined as:

> All West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, obtained mortgage loans from Defendant Quicken, and (a) were provided unsigned loan documents at closing, (b) were assessed loan discount, courier, or notary



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

11

fees, or (d) for whom Quicken obtained appraisals through an appraisal request form that included an estimate of value of the subject property.

78.     Rule 23(a) provides that "[o]ne or more members of a class may sue *or be sued as representative parties*" if the requirements of the Rule are met.  W. Va. R. Civ. P. 23(a) (emphasis added).

79.     Under this Rule, Plaintiffs bring this action against a class of Defendant Appraisers.  The named representative appraisers are Defendants Guida and Hyett.

80.     The proposed class of Defendant Appraisers consists of:

> All real estate appraisers who are citizens of the State of West Virginia at the time of the filing of this action and who performed appraisals in connection with home-secured loans on West Virginia on behalf of Quicken after receiving an appraisal request form with an estimate of value on it.

81.     The requirements of Rule 23 are satisfied.

82.     The classes are so numerous that joinder of all members is impracticable.

83.     There are questions of law and fact common to all members of the class.

84.     The named Plaintiffs' claims are typical of those of the class as a whole.

85.     The Plaintiffs have displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and are represented by skillful and knowledgeable counsel.  The relief sought by the named Plaintiffs will inure to the benefit of the class generally.

86.     The common questions of law and fact predominate over individual questions, and the class action device is superior to other available methods for the fair and efficient adjudication of the controversy.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

## IV.    LEGAL CLAIMS

### A.    Claims on Behalf of Plaintiffs and the Proposed Class

### Count One—Civil Conspiracy
### *(Against all Defendants)*

87.    Plaintiffs incorporate the preceding paragraphs by reference.

88.    By their conduct alleged above, all Defendants and the Defendant Appraiser Class engaged in concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means.

89.    As alleged above, this conduct caused injury to the Plaintiffs.

90.    By their conduct alleged above, these Defendants have engaged in an unlawful civil conspiracy.

91.    These Defendants combined their money, time, and experience to close the subject loans.  Each act undertaken above was in furtherance of and within the scope of this joint effort.  Each Defendant benefited from the joint acts.

### Count Two—UDAP
### *(Against all Defendants)*

92.    Plaintiffs incorporate herein each allegation in this Complaint.

93.    By their conduct, each Defendant and the Defendant Appraiser Class engaged in unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-104.

94.    This conduct includes, but is not limited to:

  a.    Depriving Plaintiffs of the benefit of their bargain—specifically, of a fair and unbiased appraisal—by providing value estimates to appraisers and the acceptance of appraisal orders which contained value estimates.

  b.    Omitting and concealing from Plaintiffs the material fact that value estimates were being provided to the appraisers.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

13

    c.      Defendant Quicken Loans charged numerous unlawful fees as alleged herein. Each unlawful fee constitutes a violation of W. Va. Code § 46A-6-104.

    d.      Defendant Quicken Loans misrepresented the nature of the "loan discount fee." This fee provides no discount to borrowers, but is in fact a duplicative broker/lender fee, and is not authorized under West Virginia law.

### Count Three—Residential Mortgage Lending Act
### *(Against Quicken)*

95.     Plaintiffs incorporate herein each allegation in this Complaint.

96.     The "Express Mail/Courier Fees," "Loan Discount Fees," and notary fees are not authorized by W. Va. Code § 31-17-8 (c), (g), and (m)(1).

97.     The "Loan Discount Fee" is in fact a duplicative broker and lender fee, and is misleadingly characterized as a loan discount fee.

98.     The "Express Mail/Courier Fees" are excessive, and exceed or misrepresent the fees actually charged by third-party courier services.

99.     The notary fees are excessive, and exceed or misrepresent the fees actually charged by the third-party notaries performing notary services.

### Count Four—Unconscionable Contract
### *(Against Quicken)*

100.     Plaintiffs incorporate herein each allegation in this Complaint.

101.     Plaintiffs incorporate the preceding paragraphs by reference.

102.     As a result of Defendant Quicken's conduct as alleged above—including, but not limited to, its passing on target appraisal values to appraisers, charging of illegal fees, and providing unsigned loan documents to borrowers—all or part of the subject loans were unconscionable at the time they were made, or were induced by unconscionable conduct. *See* W. Va. Code § 46A-2-121(1).



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

### Count Five—Real Estate Appraiser Licensing & Certification Act
### *(Against Defendant Appraiser Class)*

103.    Plaintiffs incorporate herein each allegation in this Complaint.

104.    Plaintiffs bring this Count on their own behalf, and on behalf of the proposed Plaintiff Class, against the Defendant Appraisers and the proposed Defendant-Appraiser Class.

105.    The Defendant Appraisers and the Defendant-Appraiser Class accepted assignments listing target value numbers on appraisal request forms, and accepted fees contingent upon the reporting of a predetermined value, all in violation of W. Va. Code §§ 30-38-12(3) and 30-38-17.

106.    As a result of these violations, Plaintiffs suffered damages, including the costs of their appraisals.

### Count Six—Unauthorized Charges
### *(Against Quicken)*

107.    Plaintiffs incorporate herein each allegation in this Complaint.

108.    Plaintiffs bring this Count on their own behalf, and on behalf of the proposed Plaintiff Class, against Defendant Quicken Loans.

109.    Defendant Quicken Loans charged Plaintiffs and Plaintiff Class members numerous unlawful fees.

110.    Defendant Quicken Loans charged "Express Mail/Courier Fees" in the amount of $45, and "Loan Discount Fees" in the amount of a percentage of the loan amount, and often amounted to several thousand dollars. Such fees are not authorized charges under W. Va. Code § 46A-3-109(a) because they are not authorized closing costs or official fees as defined in W. Va. Code §§ 46A-1-102(7) and (28).



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

15

111.    The "Loan Discount Fee," contrary to its name, provides no "discount" to the borrower. To the contrary, it is in fact a second (and impermissible) broker/origination fee.

112.    Defendant also charged Plaintiffs and Plaintiff Class members unlawful notary fees. Notary fees, such as those charged by Defendants, are not allowable closing costs under W. Va. Code § 46A-1-102(7)(d) because under W. Va. Code § 29C-4-301, the maximum notary fee that may be charged is $2.00.

113.    These illegal fees violate W. Va. Code § 46A-2-128(d), which prohibits the collection of fees or charges incidental to the principal obligation if not allowable by law.

**Count Seven—Breach of Contract**
*(Against Quicken)*

114.    Plaintiffs incorporate herein each allegation in this Complaint.

115.    Plaintiffs bring this Count on their own behalf, and on behalf of the proposed Plaintiff Class, against Defendant Quicken Loans.

116.    Quicken Loans has a duty of good faith and fair dealing implied in every contract that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

117.    Prior to the consummation of loans, including the above describe loans, Quicken Loans requires potential borrowers, including the Plaintiffs and Plaintiff Class members, to submit a deposit to be used to pay for appraisals and borrowers, including the Plaintiffs, are required to sign a contract typically titled Interest Rate Disclosure and Deposit Agreement pertaining to each party's rights and responsibilities with respect to payment for appraisals. Plaintiffs along with Quicken Loans executed such a contract.

118.    Quicken breached its contracts by:



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

16

a.   Depriving Plaintiffs of the benefit of their bargain – specifically, of a fair and unbiased appraisal – by providing value estimates to appraisers; and

b.   Omitted or concealing from Plaintiffs the material fact that value estimates were being provided to the appraisers.

119.   Quicken's conduct constitutes a breach of the duty of good faith and fair dealing.

120.   As a direct and proximate result of these breaches, Plaintiffs suffered damages, including the cost of the compromised, false and unreliable appraisals.

### Count Eight—Negligence and Negligence Per Se
### *(Against all Defendants)*

121.   Plaintiffs incorporate herein each allegation in this Complaint.

122.   The Defendants, Appraisals Unlimited, Guida, and Hyett in making the false appraisals as hereinabove alleged, breached the standards for professional practice in violation of W. Va. Code § 30-38-17.

123.   In addition, Defendants, Appraisals Unlimited, Guida, and Hyett breached the duty of care that is required in the appraisal industry, by negligently issuing erroneous appraisal reports upon which the parties relied.

124.   As a direct and proximate result of the above-described conduct, the Plaintiffs are entitled to actual damages, as hereinabove described, and a civil penalty pursuant to W. Va. Code § 30-38-15(c).

### B.   Claims by the Named Plaintiffs Only

### Count Nine—Fraud/Intentional Misrepresentation
### *(Against all Defendants)*

125.   Plaintiffs incorporate herein each allegation in this Complaint.



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

17

126.    Quicken Loans by way of its acts, omissions and concealments, intentionally made representations to the Plaintiffs that were false and/or made representations with a reckless disregard as to their veracity.

127.    Quicken Loans intended to induce the Plaintiffs to act based on its misrepresentations.

128.    Quicken Loans misrepresentations as to the value of Plaintiffs' properties played a substantial part in inducing the Plaintiffs to enter into the above described loan agreements.

129.    Such reliance on Quicken Loans misrepresentations by the Plaintiffs was justified.

130.    The Plaintiffs further reasonably relied upon the procedures of origination being proper and consistent with prudent industry practices when entering into this loan agreement.

131.    As a direct and proximate result of Quicken Loans misrepresentations, as hereinabove alleged, the Plaintiffs suffered actual damages as hereinabove described.

132.    The conduct of Quicken Loans and TSI, as hereinabove alleged, was done willfully, wantonly, recklessly and/or with complete indifference to their obligations under West Virginia law.  Furthermore, the Defendants Quicken Loans and TSI regularly engage in this type of conduct.

133.    The Plaintiffs, in addition to compensatory damages, should be awarded punitive damages in an amount that will punish Quicken Loans and its agent and joint venture partner TSI for their wrongful conduct and will deter them and other similarly situated institutions from engaging in similar conduct in the future.

134.    Plaintiffs are further entitled to appropriate equitable relief and the reasonable attorney fees and costs incurred in this action.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

18

## Count Ten—Illegal Loans in Excess of Fair Market Value
### (*Against all Defendants*)

135.    Plaintiffs incorporate herein each allegation in this Complaint.

136.    Defendants Quicken Loans and TSI induced the Plaintiffs into loan transactions that exceeded the fair market value of the Plaintiffs' property in violation of W. Va. Code § 31-17-8(m)(8).

137.    Defendants cannot meet their burden of establishing the elements of the affirmative defense set forth in W. Va. Code § 31-17-8(m)(8), as the appraisals at issue do not reflect independent valuations, were not bona fide and do not conform to the Uniform Standards of Professional Appraisal Practice ("USPAP").

138.    As a direct and proximate result of these willful violations, the Plaintiffs are entitled to the following statutory relief: actual damages, to have the loan declared void and to attorneys' fees and costs under W. Va. Code § 31-17-17.

139.    The conduct of the Defendants Quicken Loans and TSI, as hereinabove alleged, was done willfully, wantonly, recklessly and/or with complete indifference to their obligations under West Virginia law.  Furthermore, the Defendants Quicken Loans, and TSI regularly engage in this type of conduct.

140.    The Plaintiffs, in addition to compensatory damages, should be awarded punitive damages in an amount that will punish these Defendants for their wrongful conduct and will deter them and other similarly situated institutions from engaging in similar conduct in the future.

## V.    RELIEF SOUGHT

On their own behalves, and on behalf of the proposed Plaintiff Class, Plaintiffs seek the following relief:



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

19

a.  Certification of the proposed classes;

b.  Judgment on all counts, together with an award of all available relief;

c.  A declaration that Defendants' acts were unlawful;

d.  Injunctive relief ordering the Defendants to cease engaging in the conduct described herein;

e.  For each act or practice found to constitute an unfair or deceptive act or practice, a penalty of the greater of $200 or actual damages under W. Va. Code § 46A-6-106;

f.  For each violation of Chapter 46A, including but not limited to each assessment of an illegal fee, a civil penalty up to the maximum as provided for under W. Va. Code § 46A-5-101 & 106;

g.  The voiding or modification of the mortgage loans, or a declaration to this effect, for all class members under W. Va. Code §§ 31-17-17 & 46A-2-121;

h.  Disgorgement and restitution of all illegal loan fees;

i.  Actual, compensatory, and punitive damages;

j.  Attorneys' fees and costs;

k.  Pre- and post-judgment interest; and

l.  All other appropriate relief.

## JURY TRIAL DEMANDED

Plaintiffs,
By Counsel

JAMES G. BORDAS JR. #409
JASON E. CAUSEY #9482
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
(304) 242-8410

and

**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

JOHN W. BARRETT #7289
JONATHAN MARSHALL #10580
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555



BORDAS
— AND —
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

21

## Settlement Statement

Optional Form for
Transactions without Sellers

U.S. Department of Housing
and Urban Development

OMB Approval No. 2502-0491

| Name & Address of Borrower: | Name & Address of Lender: |
|---|---|
| Phillip Alig, Sara J. Alig | Quicken Loans Inc. ( Lender ) |
| | 20555 Victor Parkway |
| 1971 Highland Ln | Livonia, MI 48152 |
| Wheeling, WV 26003 | |

Michael Lyon
Vice President of
Mortgage Operations

| Property Location: (if different from above) | Settlement Agent: |
|---|---|
| 1971 Highland Ln | Title Source, Inc. |
| Wheeling, WV 26003 | Place of Settlement: |
| | 1971 Highland Ln , Wheeling, WV 26003 |

| Loan Number: | Settlement Date: | 12/27/07 |
|---|---|---|
| 3214765968 | Disbursement Date: | 01/02/08 |

| L. Settlement Charges | | M. Disbursements to Others | |
|---|---|---|---|
| **800.  Items Payable in Connection with Loan** | | 1501. CHASE MANHATTAN MTGE | $97,717.05 |
| 802. Loan Discount Fee 3.500 % to: Quicken Loans Inc. | $3,953.26 | 1502. AMERICAN HONDA FINANCE | $4,584.00 |
| 803. Appraisal Fee to: APPRAISALS UNLIMITED INC | $180.00 | 1503. BANK OF AMERICA | $4,141.00 |
| 804. Credit Report to: Fiserv Credstar | $17.39 | | |
| 807. Flood Life of Loan Coverage to: First American Flood | $5.00 | | |
| 808. Flood Cert Fee to: First American Flood Data Services | $10.50 | | |
| 809. Underwriting Fee to Quicken Loans Inc. | $295.00 | | |
| 810. Processing Fee to: Quicken Loans Inc. | $575.00 | | |
| 888. TSI Appraisal Services | $80.00 | | |
| **900.  Items Required by Lender to be Paid in Advance** | | | |
| 901. Int. from 01/02/2008 to 01/01/2008 | | | |
| @ $  10.61 per day for -1 days | $-10.61 | | |
| **1000. Reserves Deposited with Lender** | | | |
| 1001. Hazard Insurance  10 months @ $  $28.24 per month | $282.40 | | |
| 1004. County Taxes   7 months @ $  $70.28 per month | $491.96 | | |
| 1008. Aggregate Acct. Adjustment | $-84.73 | | |
| **1100. Title Charges Title Commitment# 0276160B** | | | |
| 1101. Settlement/Closing Fee to: Title Source Inc - Notary | $76.00 | | |
| 1102. Abstract or Title Search to: FNTG - TICOR | $195.00 | | |
| 1105a. Document Preparation Fee to: | $100.00 | | |
| 1108. Title Insurance to: FNTG - TICOR | $300.00 | | |
| 1110. Tax Certification Fee to: Title Source, Inc. | $18.00 | | |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201b. Recording Mortgage Fee | $24.00 | | |
| **1300. Additional Settlement Charges** | | | |
| 1307. Express Mail/Courier Fee to: | $48.00 | | |
| **1400. Total Settlement Charges** | | | |
| (enter on line 1602) | $7,043.16 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | 1520. TOTAL DISBURSED (enter on line 1603) | 106,442.05 |
| | | *Credit 808, 804, and $7.32 of 1110 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | **N. NET SETTLEMENT** | |
| | | 1600. Loan Amount | $112,950.00 |
| | | | |
| | | 1601. Plus Deposit Previously Received | $500.00 |
| | | | |
| | | Lender Credit *see above | $35.21 |
| | | 1602. Minus Total Settlement Charges | $7,043.16 |
| | | (line 1400) POC - Not in Total | $0.00 |
| | | 1603. Minus Total Disbursements to Others | $106,442.05 |
| | | (line 1520) | |
| | | 1604. Equals Cash to Borrower | $0.00 |
| | | (after expiration of any applicable | |
| | | rescission period required by law) | |

Borrower(s) Signatures:

| Phillip Alig | 12/27/2007 | Sara J. Alig | 12/27/2007 |
|---|---|---|---|
| | Date | | Date |
| | Date | | Date |


Exhibit A



**A. Settlement Statement (HUD-1)**

OMB Approval No. 2502-0265

| B. Type of Loan | | | | |
|---|---|---|---|---|
| 1. ☒ FHA  2. ☐ RHS  3. ☐ Conv. Unins. | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: | |
| 4. ☐ VA  6. ☐ Conv. Ins. | | 571-1067590 | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| Phillip A. Alig<br>Sara J. Alig<br><br>1971 Highland Ln<br>Wheeling, WV 26003-5418 | | Quicken Loans Inc.<br><br>1050 Woodward Ave<br>Detroit, MI 48226-1906 |
| G. Property Location:<br>1971 Highland Ln<br>Wheeling, WV 26003-5418 | H. Settlement Agent:<br>Title Source, Inc.<br><br>(304)242-4263<br>Place of Settlement:<br>1971 Highland Ln, Wheeling, WV  26003-5418 | I. Settlement Date:<br>January 18, 2011<br><br>Disbursement Date: 01/24/11 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | $5,054.41 | 403. | |
| 104. BAC HOME LOANS SERVICI | $109,890.65 | 404. | |
| 105. | | 405. | |
| Adjustment for items paid by seller in advance | | Adjustment for items paid by seller in advance | |
| 106. City/town taxes        to | | 406. City/town taxes        to | |
| 107. County taxes        to | | 407. County taxes        to | |
| 108. Assessments        to | | 408. Assessments        to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due from Borrower** | $114,945.06 | **420. Gross Amount Due to Seller** | |
| **200. Amounts Paid by or in Behalf of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $113,524.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Good Faith Deposit to Quicken Loans Inc. | $750.00 | 504. Payoff of first mortgage loan | |
| 205. Lender Credit | $709.50 | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes        to | | 510. City/town taxes        to | |
| 211. County taxes        to | | 511. County taxes        to | |
| 212. Assessments        to | | 512. Assessments        to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid by/for Borrower** | $114,983.50 | **520. Total Reduction Amount Due Seller** | |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash at Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | $114,945.06 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | $114,983.50 | 602. Less reductions in amount due seller (line 520) | |
| 303. Cash ☐ From  ☒ To Borrower | $38.44 | 603. Cash ☐ To  ☐ From Seller | |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.





**Exhibit B**

| L. Settlement Charges | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|
| 700. Total Real Estate Broker Fees | | |
| Division of commission (line 700) as follows: | | |
| 701. $                           to | | |
| 702. $                           to | | |
| 703. Commission paid at settlement | | |
| 704. | | |
| 800. Items Payable in Connection with Loan | | |
| 801. Our origination charge   $ 1,124.00                    (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | | |
| $                                                          (from GFE #2) | | |
| 803. Your adjusted origination charges              (from GFE A) | $1,124.00 | |
| 804. Appraisal fee to  TSI Appraisal Services      (from GFE #3) | $575.00 | |
| 805. Credit report to  Credco                      (from GFE #3) | $17.05 | |
| 806. Tax service to                                (from GFE #3) | $5.00 | |
| 807. Flood certification CoreLogic Flood Services | $5.00 | |
| 808. Flood Determination Fee CoreLogic Flood Services | $10.50 | |
| 812. Tax Certification Fee Title Source, Inc. | $18.00 | |
| | | |
| 900. Items Required by Lender to Be Paid in Advance | | |
| 901. Daily interest charges from 01/24/11 to 02/01/11 @ $ 14.00   /day (from GFE #10) | $112.00 | |
| 902. Mortgage insurance premium for 12 months to Federal Housing Admin (from GFE #3)  Financed | $1,124.00 | |
| 903. Homeowner's insurance for   years to         (from GFE #11) | | |
| 904. Homeowner's Insurance Premium Previously Paid:   $455.49 | | |
| 905. | | |
| 1000. Reserves Deposited with Lender | | |
| 1001. Initial deposit for your escrow account        (from GFE #9) | $881.74 | |
| 1002. Homeowner's insurance          11  months @ $   37.96  per month $   417.56 | | |
| 1003. Mortgage insurance            1  months @ $   83.68  per month $    83.68 | | |
| 1004. Property taxes OHIO COUNTY    9  months @ $   72.26  per month $   650.34 | | |
| 1005.                                 months @ $           per month $ | | |
| 1006.                                 months @ $           per month $ | | |
| 1007.                                 months @ $           per month $ | | |
| 1008.                                 months @ $           per month $ | | |
| 1009.                                 months @ $           per month $ | | |
| 1010. Aggregate Adjustment                          $    -209.84 | | |
| 1100. Title Charges | | |
| 1101. Title services and lender's title insurance   (from GFE #4) | $1,165.12 | |
| 1102. Settlement or closing fee Title Source, Inc.     $ 575.00 | | |
| 1103. Owner's title insurance                       (from GFE #5) | | |
| 1104. Lender's title insurance  $       195.12 | | |
| 1105. Lender's title policy limit $     113,524.00 | | |
| 1106. Owner's title policy limit $ | | |
| 1107. Agent's portion of the total title insurance premium $ 335.86 | | |
| 1108. Underwriter's portion of the total title insurance premium $ 59.26 | | |
| 1109. Abstract or Title Search TITLE SOURCE, INC.     $150.00 | | |
| 1130. ALTA 8.1 Environmental Protection Lien TITLE SOURCE, INC.  $100.00 | | |
| 1131. ALTA 9 Restrictions, Encroachments, Minerals TITLE SOURCE, INC $100.00 | | |
| 1137. Express Mail/Courier Fee                        $45.00 | | |
| | | |
| 1200. Government Recording and Transfer Charges | | |
| 1201. Government recording charges                  (from GFE #7) | $22.00 | |
| 1202. Deed $                      Mortgage $ 22.00       Releases $ | | |
| 1203. Transfer taxes                               (from GFE #8) | | |
| 1204. City/County tax/stamps       Deed $            Mortgage $ | | |
| 1205. State tax/stamps             Deed $            Mortgage $ | | |
| | | |
| 1300. Additional Settlement Charges | | |
| 1301. Required services that you can shop for        (from GFE #6) | | |
| $ | | |
| $ | | |
| $ | | |
| $ | | |
| $ | | |
| $ | | |
| $ | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | $5,054.41 | |

q03225755960 0336 405 0204

A. HUD-1 UNIFORM SETTLEMENT STATEMENT

**B. Type of Loan**

| | | | |
|---|---|---|---|
| 1.[ ] FHA 2.[ ] FmHA 3.[X ] Conv. Unins. | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
| 4.[ ] VA  5.[ ] Conv. Ins. | | | |

C. NOTE: This form furnishes a statement of settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown for informational purposes and are not included in the totals.

| D: Name & Address of Borrower: | E. Name, Address & TIN of Seller: | F. Name & Address of Lender: |
|---|---|---|
| Roxanne Shea | Mary Jane Pauley | Quicken Loans Inc. |
| 21 Ridgewood Avenue | 21 Ridgewood Avenue | 20555 Victor Parkway |
| Wheeling     , WV 26003 | Wheeling       , WV 26003 | Livonia        , MI 48152 |
| G. Property Location: | TIN of Seller: | H. Settlement Agent: |
| 21 Ridgewood Avenue | Place of Settlement | Ihlenfeld Law Office PLLC |
| Wheeling, WV 26003 | 78 ½ Fourteenth Street | |
| | Wheeling, WV 26003 | I. Settlement Date:    May 10, 2006 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower:** | | **400. Gross Amount Due to Seller:** | |
| 101. Contract sales price | 149,350.00 | 401. Contract sales price | 149,350.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Borrower's settlement charges (line 1400) | 5,854.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes          to | 0.00 | 406. City/town taxes          to | 0.00 |
| 107. County taxes              to | | 407. County taxes              to | 0.00 |
| 108. Assessments   5/10/06   to   6/30/06 | 10.68 | 408. Assessments   5/10/06   to   6/30/06 | 10.68 |
| 109.                              to | 0.00 | 409. | 0.00 |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| **120. Gross Amount Due from Borrower** | 155,214.68 | **420. Gross Amount Due to Seller** | 149,360.68 |
| **200. Amounts Paid by or in Behalf of Borrower:** | | **500. Reductions In Amount Due to Seller:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 119,475.00 | 502. Settlement charges to seller (line 1400) | 663.80 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage to The Citizens Bank | 34,235.55 |
| 205. Credit for application deposit | 350.00 | 505. Payoff of second mortgage | |
| 206. Seller closing cost credit | 4,350.00 | 506. Seller closing cost credit | 4,350.00 |
| 207. | | 507. | |
| 208. Proceeds from second loan | 28,354.82 | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes          to | 0.00 | 510. City/town taxes          to | 0.00 |
| 211. County taxes   1/1/06   to   5/10/06 | 219.55 | 511. County taxes   1/1/06   to   5/10/06 | 219.55 |
| 212. Assessments            to | 0.00 | 512. Assessments            to | 0.00 |
| 213.                            to | 0.00 | 513.                           to | 0.00 |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/for Borrower** | 152,749.37 | **520. Total Reduction Amount Due Seller** | 39,468.90 |
| **300. Cash at Settlement From/to Borrower** | | **600. Cash at Settlement To/from Seller** | |
| 301. Gross amount due from borrower (line 120) | 155,214.68 | 601. Gross amount due to seller (line 420) | 149,360.68 |
| 302. Less amounts paid by/for borrower (line 220) | 152,749.37 | 602. Less reductions in amount due seller (line 520) | 39,468.90 |
| 303. Cash [X] from  [ ] to Borrower | 2,465.31 | 603. Cash  [X] to  [ ] from Seller | 109,891.78 |

**Substitute Form 1099 Seller Statement**

The information in Blocks E, G, H, I & line 401 (or, if line 401 is asterisked, line 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. If this real estate is your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040). You are required to provide the Settlement Agent (named above) with your correct taxpayer identification number. If you do not provide the Settlement Agent with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

_____ (Seller)      _Mary Jane Pauley_____ (Seller)
                                          Mary Jane Pauley



Exhibit C

© ThorpeForms.com

| | | Paid from Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission: (based on price) 149,350.00 @ % | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. | | | |
| 702. | | | |
| 703. Commission paid at Settlement | | | 0.00 |
| 704. | | | |
| 800. Items Payable in Connection with Loan | | | |
| 801. Loan Origination Fee | | | |
| 802. Loan Discount Fee 2.50000% | | 2,088.80 | |
| 803. Appraisal Fee to Appraisals Unlimited | | 180.00 | |
| 804. Credit Report to KFD (Kroll Factual Data) | | 7.19 | |
| 805. Lender's Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee | | | |
| 807. Flood life of loan coverage to First American Flood Data Services | | 5.00 | |
| 808. Flood cert fee to First American Flood Data Services | | 10.50 | |
| 809. Underwriting Fee to Quicken Loans | | 295.00 | |
| 810. Processing Fee to Quicken Loans | | 675.00 | |
| 811. TSI Appraisal Services | | 60.00 | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 900. Items Required by Lender to Be Paid in Advance | | | |
| 901. Interest from May 10, 2006 to Jun 1, 2006 @ 21.9900 per day | | 483.78 | |
| 902. Mortgage Insurance Premium for | | | |
| 903. Hazard Insurance Premium for | | | |
| 904. | | | |
| 905. | | | |
| 1000. Reserves Deposited with Lender | | | |
| 1001. Hazard Insurance 3 months @ $ 54.13 per month | | 162.39 | |
| 1002. Mortgage Insurance months @ $ per month | | 0.00 | |
| 1003. City property taxes months @ $ per month | | 0.00 | |
| 1004. County property taxes 2 months @ $ 50.47 per month | | 100.94 | |
| 1005. Annual assessments months @ $ per month | | 0.00 | |
| 1006. months @ $ per month | | 0.00 | |
| 1007. | | | |
| 1008. | | | |
| 1009. Aggregate Accounting Adjustment | | (166.68) | |
| 1100. Title Charges | | | |
| 1101. Settlement/closing fee | | | |
| 1102. Abstract/title search | | | |
| 1103. Title examination to Ihlenfeld Law Office PLLC | | 600.00 | |
| 1104. Title Insurance binder | | | |
| 1105. Document preparation | | | |
| 1106. Notary fees | | | |
| 1107. Attorney's fees | | | |
| (includes above item numbers | | | |
| 1108. Title Insurance to First American | | 380.00 | |
| (includes above item numbers | | | |
| 1109. Lender's coverage $119,475.00 | | | |
| 1110. Owner's coverage | | | |
| 1111. Courier Fee to Ihlenfeld Law Office PLLC | | 50.00 | |
| 1112. Document Fee to Ihlenfeld Law Office PLLC | | 50.00 | |
| 1113. | | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording: Deed 11.00 Mortgage 25.00 Release 0.00 | | 36.00 | 6.00 |
| 1202. City/county tax/stamps: Deed 657.80 Mortgage | | | 657.80 |
| 1203. State tax/stamps: Deed Mortgage | | 0.00 | |
| 1204. | | | |
| 1205. | | | |
| 1206. | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey | | | |
| 1302. Pest Inspection | | | |
| 1303. | | | |
| 1304. VOD/VOM/VOR to Quicken Loans | | 10.00 | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| 1308. | | | |
| 1400. Total Settlement Charges (This Number Transfers to Lines 103 & 502 Above) | | 5,854.00 | 663.80 |

**CERTIFICATION**

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_Mary Jane Pauley_ _____ Seller          _Roxanne Barbara Shea_ _____ Borrower
Mary Jane Pauley                                Roxanne Shea

_____ Seller          _____ Borrower

To the best of my knowledge the HUD-1 Settlement Statement which I have prepared is true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

_____ Settlement Agent   5 / 10 / 06 Date
Ihlenfeld Law Office PLLC

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

© ThreePaForms.com

**Settlement Statement**
Optional Form for
Transactions without Sellers

U.S. Department of Housing
and Urban Development

OMB Approval No. 2502-0491

| Name & Address of Borrower: | Name & Address of Lender: |
|---|---|
| Roxanne Shea, Daniel V. Shea | Quicken Loans Inc. ( Lender ) |
| | 20555 Victor Parkway |
| 21 Ridgewood Ave | Livonia, MI 48152 |
| Wheeling, WV 26003 | Michael Lyon |
| | Vice President of |
| | Mortgage Operations |

Property Location: (if different from above)
21 Ridgewood Ave
Wheeling, WV 26003

Settlement Agent:
Title Source, Inc.
Place of Settlement
21 Ridgewood Ave, Wheeling, WV  26003

Loan Number: ▇▇▇▇▇▇

Settlement Date:   07/31/08
Disbursement Date:                    08/05/08

| L. Settlement Charges | | M. Disbursements to Others | |
|---|---|---|---|
| **800. Items Payable in Connection with Loan** | | 1501. OCWEN LOAN SERVICING L | $30,050.00 |
| 801. Loan Origination Fee 1.000 % to: Quicken Loans Inc. | $1,632.50 | 1502. AMERICAS SERVICING CO. | $119,961.02 |
| 803. Appraisal Fee to: WILSON APPRAISAL SERVICE LLC | $350.00 | | |
| 804. Credit Report to: Credco | $48.17 | | |
| 807. Flood Life of Loan Coverage to: First American Flood | $5.00 | | |
| 808. Flood Cert Fee to: First American Flood Data Services | $10.50 | | |
| 813. MI Paid in Cash | $0.75 | | |
| 899. Tsi Appraisal Services | $350.00 | | |
| **900. Items Required by Lender to be Paid in Advance** | | | |
| 901. Int. from  08/05/2008 to 09/01/2008 | | | |
|       @ $   28.23 per day for 27 days | $762.21 | | |
| 902. Mortgage Insurance Premium for 12 Months Financed | $2,288.00 | | |
| **1000. Reserves Deposited with Lender** | | | |
| 1001. Hazard Insurance    0 months @ $  $54.97 per month | $320.82 | | |
| 1002. Mortgage Insurance   1 months @ $   $63.64 per month | $63.64 | | |
| 1004. County Taxes   3 months @ $   $59.51 per month | $178.53 | | |
| 1008. Aggregate Acct. Adjustment | $-228.51 | | |
| **1100. Title Charges Title Commitment#: 02D27610** | | | |
| 1101. Settlement/Closing Fee to: Title Source Inc - Notary | $575.00 | | |
| 1102. Abstract or Title Search to: TITLE SOURCE, INC. | $150.00 | | |
| 1108. Title Insurance to: TITLE SOURCE, INC. | $187.00 | | |
| 1113. Add'l Endorsement Fee to: Title Source Inc - Notary | $30.00 | | |
| 1116. Tax Certification Fee to: | $18.00 | | |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201b. Recording Mortgage Fee | $24.00 | | |
| **1300. Additional Settlement Charges** | | | |
| 1307. Express Mail/Courier Fee to: | $45.00 | | |
| 1309. Current Taxes Due to: OHIO COUNTY | 357.06 | | |
| **1400. Total Settlement Charges** | | | |
|        (enter on line 1602) | $6,017.36 | | |
| | | | |
| | | | |
| | | 1520. TOTAL DISBURSED (enter on line 1603) | 150,019.06 |
| | | *Credit 808, 1201, 1113, 804, 1102, 1108, 803, | |
| | | 807, 1116, 1307, 899, and $261.53 of 1101 | |
| | | | |
| | | **N. NET SETTLEMENT** | |
| | | 1600. Loan Amount | $155,640.00 |
| | | | |
| | | 1601. Plus Deposit Previously Received | $300.00 |
| | | | |
| | | Lender Credit *see above | $1,200.00 |
| | | 1602. Minus Total Settlement Charges | $6,017.36 |
| | | (line 1400)  POC - Not in Total | $0.00 |
| | | 1603. Minus Total Disbursements to Others | $150,019.06 |
| | | (line 1520) | |
| | | 1604. Equals Cash to Borrower | $210.00 |
| | | (after expiration of any applicable | |
| | | rescission period required by law) | |

Borrower(s) Signatures:

| | | | |
|---|---|---|---|
| Roxanne Shea | 07/31/2008 Date | Daniel V. Shea | 07/31/2008 Date |
| | Date | | Date |

VMP-804  (0601).nd  2007/09
2029780399   07/29-18:32:47

form HUD-1A (2/84)
ref. RESPA

**Exhibit D**

CERTIFIED MAIL





UNITED STATES POSTAGE
PITNEY BOWES

02 1R          $ 06.00⁰
0006561724     JUN 22  2012
MAILED FROM ZIP CODE 25311

30